[Civ. No. 3292. Second Appellate District, Division One.—July 29, 1920.]

PAUL P. LEWIS, Appellant, v. EDWIN REED, Individually and as Administrator, etc., Respondent.

[1] Life Insurance — Change of Beneficiary — Compliance With Policy.—The provisions of a life insurance policy as to the manner of changing the beneficiary must be complied with, at least, substantially so; and where a policy of insurance provides that a change of beneficiary shall be made by indorsement in writing and shall not take effect until indorsed on the policy by the home office, no act of the insured can effect such a change in the absence of such indorsement.

[2] Id.—Assignment of Policy—Penalty—Waiver by Insurer.— A condition in a life insurance policy that if the policy is assigned, or otherwise parted with, the policy shall be void, is waived by the insurer where, following the death of the insured, it pays the money to the representative of his estate.

[3] Id.—Right to Assign—Effect of Statute.—Under the law of this state the right is preserved to the insured to assign his policy of insurance, and that right cannot be taken away by a term of the contract which attempts so to do.

[4] Id. — Assignment to One not Having Insurable Interest — Validity of.—An insured under a life policy which was made payable in case of death to his estate can legally assign his interest to one not having an insurable interest in his life.

[5] Id.—Intention of Insured—Consideration—Evidence.—In this action against a defendant individually and as administrator of the estate of an insured to recover money paid to him as such administrator under certain insurance policies, but which plaintiff claimed as the assignee of the insured, the evidence presented to the trial judge showed that it was the intention of the insured that plaintiff, under his assignment, should collect and have the full amounts mentioned in the policies in the event of the insured's death; and the trial court committed error in striking out

1. Necessity of insurer's consent to change of beneficiary, note, L. R. A. 1915A, 109.

3. Validity of assignment of interest in life insurance policy to one paying premiums, notes, 3 L. R. A. (N. S.) 935; 33 L. R. A. (N. S.) 949.

4. Right of insured to make assignment of policy to one having no insurable interest, notes, 5 Ann. Cas. 360; 7 Ann. Cas. 912; 12 Ann. Cas. 686; Ann. Cas. 1913B, 864.

portions of the testimony of plaintiff as to payments he had made and obligations he had assumed pursuant to his agreement with the insured.

APPEAL from a judgment of the Superior Court of San Diego County. E. A. Luce, Judge. Reversed.

The facts are stated in the opinion of the court.

M. M. Gordon for Appellant.

Hamilton & Lindley for Respondent.

JAMES, J.—Appeal from a judgment entered in favor of defendant—respondent.

Respondent's intestate (one Smith) during his lifetime became the owner and possessed of three certain policies issued by a life insurance company. By the terms of these policies the insurer agreed to make certain endowment payments in the event the insured lived to a certain age, and, in the event of his death, contracted to pay a certain fixed sum of money. The aggregate amount payable under the three policies as a death claim is the sum of $790. The insured being in poor health and the plaintiff being his friend and being willing to assist the former, who was without funds, in securing medical attention and in the discharge of other needful obligations, the insured delivered the policies to plaintiff and executed a note to the insuring company directing that the plaintiff be named as the beneficiary under the policies, and later executed what we construe to be an assignment of death benefits under the insurance to the plaintiff. The notice to change beneficiaries was deposited with the local agent of the insurer, but at the home office no action was taken to make the substitution in the interest of the plaintiff. It does not appear as to how long prior to the death of the insured the notice to change beneficiaries was deposited as mentioned, and it does not appear that any notice was given of the written assignment made by the insured to the insurer. The insured died in August, 1919, leaving no heirs. The insuring company refused to pay the amount of the policies to the plaintiff, but did pay the full amount thereof to the defendant, who had been appointed adminis-

trator of Smith's estate. The trial court determined that the substitution of the plaintiff as beneficiary under the policies had not been made because the same had not been consented to by the insurer, and that the interests of the insured had not passed by assignment to the plaintiff. Upon the evidence which the record before us discloses, we agree that the first finding made by the court, to wit, that the action taken by the insured in attempting to have substituted the plaintiff as his beneficiary was not effectual. Our conclusion, however, based upon the evidence is that the assignment as made was effectual and that all of the death benefits passed to the plaintiff, notwithstanding that the insurer had no notice of such assignment until after the death of Smith. [1] Each of the policies contained a term providing that no conditions or terms of the policy should be varied "except by written agreement signed by the president or secretary of the company." Accompanying this condition was the further term that superintendents, their deputies and assistants should have no power to "make, alter, or discharge contracts." To permit a substitution of an individual in lieu of the executors or administrators of an insured's estate, certainly would work a material change in the contract, and one which, under the terms of the policy, required the assent of the insurer in the manner prescribed before becoming effectual. "The provisions of a life policy as to the manner of changing the beneficiary must be complied with, at least, substantially so, for in such case the change can be made effective only by following the policy provisions and by conforming to the manner or mode specified in the contract. So where a policy of life insurance provides that a change of beneficiary shall be made by indorsement in writing and shall not take effect until indorsed on the policy by the home office, no act of the insured can effect such a change in the absence of such indorsement." (2 Joyce on Insurance, 2d ed., sec. 740a, and cases cited by the author.) This is not a case, as shown by the record, where after notice to change a beneficiary has been given in sufficient form, the insurer neglects unreasonably to take the requisite action upon the request. It cannot be told from the record before us as to when the notice to change the beneficiary was deposited with the local agent;

hence it may well have been that sufficient time had not elapsed within which to transmit such notice to the home office and obtain the necessary indorsement by the required officials before the death of the insured occurred. The trial judge was correct in holding that the attempted change of beneficiary was without effect in accomplishing that result.

[2] Now, as to the matter of the assignment made: Two of the policies contained this term: "If this policy be assigned or otherwise parted with, . . . or if any premium shall not be paid when due, this policy shall be void." The third policy, in its terms relating to the assignment thereof, contained the following condition: "Any assignment or pledge of this policy, or of any of the benefits thereunder, shall be void and of no effect." Looking first to the term quoted as contained in policies which we shall call Nos. 1 and 2 for convenience (the provision being the same in each), it is noted that the penalty provided for assignment is that the policy shall be void—in other words, that all rights of the insured or the beneficiaries thereunder shall lapse. There are two answers to be made to the contention that by reason of this condition in the policy the plaintiff acquired no right to the money collected thereunder. The first answer is that the company waived that condition by not insisting upon the penalty; the money was paid and the insurer thereby affirmed the contract as one which still retained its binding force as to it. [3] The second answer, and the one which applies with conclusive force to the third policy as well, is that under the statute of this state the right is preserved to the insured to assign his policy of insurance, and that right cannot be taken away by a term of the contract which attempts so to do, notwithstanding the well-recognized rule that a person may waive the conditions of a statute designed solely to secure to him a personal privilege where no question of public policy enters into consideration. Section 2764 of the Civil Code provides that "a policy of insurance upon life or health may pass by transfer, will, or succession to any person, whether he has an insurable interest or not, and such person may recover upon it whatever the insured might have recovered." The section following provides that no notice of transfer is necessary to preserve the validity of a policy

upon life or health, unless expressly required thereby. No one of the policies here considered contained any requirement that notice should be given of assignment of it. **[4]** The question as to whether an insured under a life policy which was made payable in case of death to his estate could legally assign his interest, and especially to one not having an insurable interest in his life, has been the subject of some debate. Irrespective of statutory conditions, however, it has latterly become well settled that such an assignment may be made. In *Grigsby* v. *Russell et al.*, 222 U. S. 149, [Ann. Cas. 1913B, 863, 36 L. R. A. (N. S.) 642, 56 L. Ed. 133, 32 Sup. Ct. Rep. 58, see, also, Rose's U. S. Notes] (a case similar to this one in a part of its facts), the supreme court of the United States, by Justice Holmes, said: "So far as reasonable safety permits, it is desirable to give to life policies the ordinary characteristics of property. . . . To deny the right to sell except to persons having such an interest is to diminish appreciably the value of the contract in the owner's hands." It would seem that the statute of this state was designedly adopted to set at rest any question as to the assignability of a life insurance policy and also to affirm the right to make such assignment to a person having no insurable interest in the life of the insured. We think that by the statute a rule of public policy is impressed upon the character of contracts treated of, and that allowing terms of an insurance contract to contradict the right so given may not be permitted. "Statutes are often passed to protect persons against the effects of certain types of contract. The purpose of such statutes would be defeated if their effect could be avoided by contract; and accordingly it is held that if such is the legislative intent, covenants attempting to avoid the provisions of such statutes are void." (1 Page on Contracts, sec. 355.) The last-named author, in the paragraph cited, has enumerated many cases illustrating his text and cites the cases in his footnote. See, also, *Griffith* v. *New York Life Ins. Co.*, 101 Cal. 627, [40 Am. St. Rep. 96, 36 Pac. 113]; and as to assignability under the statute: *Gilman* v. *Curtis*, 66 Cal. 116, [4 Pac. 1094]; *McEwen* v. *New York Life Ins. Co.*, 42 Cal. App. 133, [183 Pac. 373].

**[5]** From the evidence presented to the trial judge it appears that it was the intention of the insured that

plaintiff, under his assignment, should collect and have the full amounts mentioned in the policies in the event of the insured's death. Plaintiff testified as to the payments made by him pursuant to his agreement and as to obligations assumed; also as to payment of premiums on the policies. Portions of this testimony were stricken out by the court. The ruling of the court in this regard was erroneous. Plaintiff was entitled to show all that he did under the contract in order to sustain his assignment as valid and upon sufficient consideration. The case presented was not one where the plaintiff was seeking to enforce a claim against the estate of Smith, but rather to recover money which did not belong to the estate and in which the estate had no interest. As declared by the complaint, defendant Reed received into his possession the money without lawful right, and should account to the plaintiff therefor.

The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 27, 1920.

All of the Justices concurred.