[Civ. No. 4327. Third Appellate District.—December 15, 1930.]

In the Matter of the Estate of ERNEST M. MATTLEY, Deceased. MILTON L. PINEGAR, Administrator, etc., Appellant, v. RALPH McGEE, Executor, etc., Respondent.

W. R. Barnes for Appellant.

A. L. Pierovich for Respondent.

MR. JUSTICE THOMPSON (R. L.) Delivered the Opinion of the Court.—This is an appeal from a supplemental decree of distribution.

Ernest M. Mattley was a World War veteran. He died September 11, 1926, leaving an estate consisting of about $11,000. He also possessed an adjusted compensation insurance policy with the government of the United States of the value of $1561, and a separate war risk insurance policy of $10,000 with the government, in which his sister, Pearl Pinegar, was named as beneficiary. Upon proceedings duly had, his holographic will was admitted to probate in Amador County. The respondent Ralph McGee was appointed and qualified as executor thereof. The will is in the following language:

"4417 East 3rd. Street
"Los Angeles, Calif.
"August 28, 1926.

"This is my last will.

"To Alice Mattley, I give $100.—To Florence Mattley, I give $100.—To Corinne Mattley, I give $100—my diamond ring and my portable typewriter.

"To my brother George E. Mattley I leave my Adjusted Compensation Insurance Policy number 1765429. My share of the cabin.

"To my sister Mrs. Pearl Mattley Pinegar, I give my War Risk Insurance File number I·182941.

"The remainder shall be divided to my sister Mrs. Pearl Mattley Pinegar 5/9 to my brother George E. Mattley 4/9.

"Ralph McGee is appointed administrator.

"Ernest M. Mattley
"Ernest M. Mattley"

In due course of administration distribution of the $11,000 was made on April 15, 1927. The executor was not discharged. Neither the proceeds of the adjusted compensation policy, nor the war risk insurance policy were included in the inventory or distributed in the original decree of distribution. Regarding this omission the respondent, in his brief, says:

"The respondent as executor did not include either the War Risk Insurance payable to Pearl nor the bonus insur-

ance payable to George in any of the proceedings of the estate.''

The adjusted compensation insurance amounting to $1561 was paid by the government directly to George E. Mattley. During her lifetime Pearl Pinegar, as beneficiary, was paid by the government the monthly installments of $56.63 as provided by the terms of the war risk insurance policy. She died at Los Angeles, January 26, 1929. Upon proceedings duly had, the appellant, Milton L. Pinegar, was appointed administrator of her estate. At the time of the death of Pearl Pinegar, there remained unpaid upon the war risk insurance policy the sum of $6,802.67. This sum was paid to the executor of the estate of Ernest M. Mattley subsequent to the rendering of the original decree of distribution. The respondent assumes that this sum belongs to the estate of Ernest M. Mattley subject to administration. He thereupon filed a supplemental inventory October 29, 1929, accounting for the receipt of ''Proceeds of War Risk Insurance policy, No. I 182941, $6802.67''. This was the same policy which, by the terms of the will, was bequeathed to Pearl Pinegar. A supplemental petition for distribution of this sum of money was filed. Over the written objection of the administrator of the estate of Pearl Pinegar, deceased, a supplemental decree of distribution of this balance of the war risk insurance fund was made pursuant to the residuary clause of the will as follows, to ''Pearl E. Pinegar, a sister, 5/9 thereof'', and to ''George E. Mattley, a brother, 4/9 thereof''. From this supplemental decree of distribution, the administrator of the estate of Pearl Pinegar has appealed.

Assuming, as the respondent does, that this fund from the war risk insurance policy belonged to the estate of Ernest M. Mattley, it was specifically bequeathed to Pearl Mattley Pinegar by the unambiguous terms of the will. By the language of the will, ''To my sister Mrs. Pearl Mattley Pinegar, I give my War Risk Insurance File number I 182941'', the testator sufficiently identified and specifically bequeathed to his sister that particular policy and the proceeds therefrom. In 28 R. C. L. 295, section 269, it is said:

''Where, by the terms of a will, the testator bequeaths a certain insurance policy or policies, . . . the legacy is

specific in its nature.'' (2 Page on Wills, 2d ed., 2043, sec. 1228; 6 A. L. R. 1374, note.)

A will must be construed in accordance with the intention of the testator.

There can be no question this was the intention of the testator. The balance of the proceeds from that policy did not belong to the residuum of the estate. The court therefore erred in distributing four-ninths of this fund to George E. Mattley.

The supplemental decree of distribution is therefore reversed and the probate court is directed to distribute the entire balance of the war risk insurance policy number I 182941 to the estate of Pearl Mattley Pinegar, deceased.