[S. F. No. 15441. In Bank.—April 29, 1936.]

MARIA C. PIMENTEL et al., Minors, etc., Respondents, v. CONSELHO SUPREMO DE UNIAO PORTUGUEZA DO ESTADO DA CALIFORNIA (a California Corporation), Defendant and Cross-Complainant; J. C. PIMENTEL, Appellant.

Carlos R. Freitas, Jerome A. Duffy and Thomas F. Keating for Appellant.

J. Lenox Ward for Respondents.

THOMPSON, J.—This action was brought by the minor plaintiffs through their guardian to recover the benefits under an insurance policy upon the life of their father, Antonio Cardozo Pimentel, issued by the defendant, a fraternal benefit society. Plaintiffs had been named as beneficiaries in the policy but, shortly before his death, the insured attempted to change the beneficiary clause in favor of his brother, J. C. Pimentel. The defendant paid into court the $1400 due under the policy and, by cross-complaint, brought in J. C. Pimentel as a party. The trial court found there had been no change of beneficiary in accordance with the terms of the policy, the constitution and by-laws of the society and gave judgment for the plaintiffs. This appeal is taken by the cross-defendant J. C. Pimentel.

The undisputed facts are that Antonio Cardozo Pimentel a member of the society and holder of the policy in question, entered a hospital on January 18, 1933. Shortly after entering the hospital, he requested Manuel Cardoza, a friend and lodge brother then visiting him, to ask his brother, J. C. Pimentel, the cross-defendant and appellant, to get the policy, take it to Freitas, an attorney, and have himself named as beneficiary in place of the then beneficiaries, the minor children of the insured, in order that appellant might, out of the proceeds of the policy, pay the funeral and last illness expenses of the insured and deliver the remainder to the plaintiffs. Cardoza delivered the message to appellant, and the next day, went with him to the office of Freitas and delivered the policy with the instructions of the insured. The attorney then prepared the change of beneficiary clause on the policy for the signature of the deceased and drew up an agreement, which appellant signed, whereby he undertook, in consideration of being made beneficiary, to pay the last illness and funeral expenses of his brother and distribute the balance equally among the plaintiffs, the five minor children. Cardoza and Freitas then went to the hospital and read the agreement to Antonio Pimentel in Portuguese, he signed the change of beneficiary clause, acknowledged it before Freitas as notary public and instructed Freitas to take all necessary steps to complete the change. Freitas made inquiry of the secretary of the society and was fully informed as to the steps necessary to be taken but nothing further was ever done.

Freitas asked Cardoza to tell appellant that his brother had signed the change of beneficiary clause and to ask him, the appellant, to call at Freitas' office to get the policy and receive further instructions. Appellant sent his minor daughter, who, in the absence of Freitas, was given the policy by a secretary without any instructions as to the further steps necessary to effectuate the change. The appellant, thinking the matter completed, replaced the policy in his safety deposit box and Freitas, relying upon the call of appellant to remind him of the matter, did nothing further about it. On several occasions thereafter the insured inquired of both appellant and Cardoza whether the change had been completely taken care of and was assured by them that it had.

The constitution and by-laws of the society required a change of beneficiary to be made by written indorsement upon the back of the policy, acknowledged before a notary public, authenticated by the signature of the secretary of the order and the seal of the council, for a fee of fifty cents. The certificate, with the change duly made, was required to be forwarded to the secretary to be presented by him to the directors at their first regular session, another certificate to be issued if the change was found to have been made in due form. None but the first two requirements were met.

██ It is the appellant's contention that this case comes within the exceptions to the rule that a change of beneficiary can be effected only through compliance with the rules and regulations contained in the contract of insurance, and, two, that the rules, being for the benefit of the society, can be waived and were so waived in the present instance by the insurer's payment into court of the amount due under the policy.

While there is a division of authority on the question of whether interpleader and payment into court operates as a waiver of the insured's failure to comply with the policy provisions concerning change of beneficiary, it is settled in this jurisdiction that it does not. (*McLaughlin* v. *McLaughlin,* 104 Cal. 171 [37 Pac. 865, 43 Am. St. Rep. 83] ; *Supreme Lodge* v. *Price,* 27 Cal. App. 607 [150 Pac. 803].) In *Barboza* v. *Conselho Supremo, etc.,* 43 Cal. App. 775 [185 Pac. 1028], and *Johnston* v. *Kearns,* 107 Cal. App. 557 [290 Pac. 640], although the point was not discussed, it was not considered that payment into court waived compliance. Appellant

concedes this to be the present rule in this state, but argues that it is against the weight of authority and asks that the cases so holding be overruled. We are satisfied that the better reasoning supports the rule adopted by our courts, that the rights of the beneficiary vest immediately upon the death of the insured and cannot thereafter be modified by action of the insurer and that the filing of an interpleader or payment into court by the insurer can be construed only as a recognition of liability to the rightful claimant and as a measure taken to protect the insurer against a double liability. ■ Nor are we convinced that the rules requiring certain formalities for the change of beneficiaries are solely for the benefit of the insurer and are not in any degree intended to protect the insured and the original beneficiary. (For collection and discussion of the authorities see notes 2 A. L. R. 1680; 15 A. L. R. 1260; 78 A. L. R. 970, 975, and Cooley's Briefs on Insurance, 2d ed., vol. 7, pp. 6461–6465.) While payment of the fund into court by the insurer does not amount to a waiver to the extent that the second beneficiary thereupon becomes entitled to the money, upon the theory that no one now has a right to insist upon compliance with the rules, it does, we think, operate to relax the rule, for the insurer has disclaimed all further interest in the fund and waived its own right to insist upon a rigid adherence to the regulations, hence a more liberal rule may obtain than if the insurer were disputing the rights of the second beneficiary. (*Jory* v. *Supreme Council A. L. of H.*, 105 Cal. 20 [38 Pac. 524, 45 Am. St. Rep. 17, 26 L. R. A. 733]; *Adams* v. *Grand Lodge A. O. U. W.*, 105 Cal. 321 [38 Pac. 914, 45 Am. St. Rep. 45]; *Johnston* v. *Kearns,* 107 Cal. App. 557 [290 Pac. 640]; Cooley, op. cit., *supra,* p. 6465.)

Turning to the question of whether there has been an effective change of beneficiary, appellant complains that the findings are not full enough to disclose "the circumstances under which said Antonio Cardozo Pimentel sought to have the beneficiaries upon his life insurance policy changed and the motives which prompted him to desire such change, or to disclose facts showing whether or not there were substantial, even though purely sentimental, reasons in support of or actuating the desire to make the change, or showing whether or not there appeared, or appear, any equitable considerations on the other side sufficiently forceful to overcome such rea-

sons, or showing whether or not it appeared or appears, that deceased had, prior to his death, done all that lay in his power under the circumstances by which he was beset at the time, to accomplish the desired change, in order to determine whether or not a court of equity would be justified in interposing its aid to enforce and give effect to the manifest intention of the deceased, notwithstanding the rules of the society were not strictly observed'', and insists that findings should have been made in detail substantially as the facts have been set forth at the outset of this opinion. Conceding that the evidence would have warranted such findings, it appears from the findings made that Pimentel signed the change of beneficiary clause on January 20, 1933, while ill in the hospital from a malady of which he died on April 1, 1933; that he acknowledged his signature before a notary public; that, prior to signing, he stated to Cardoza that he wanted his brother to be made beneficiary; that Cardoza so informed Freitas who prepared the clause for signature and took the acknowledgment; that Freitas took the policy to his office and that it was delivered by a secretary to appellant's daughter in Freitas' absence; that no further steps were taken by insured or by anyone on his behalf; that, simultaneously with the signing of the change of beneficiary clause, J. C. Pimentel made, executed and delivered to insured the agreement to pay his illness and funeral expenses and turn over the balance to the minors; that he paid insured's bills out of his own pocket to the extent of approximately $600; that, subsequent to January 30, 1933, insured, who was still ill in the hospital, inquired of Cardoza whether the change of beneficiary had been effected and was assured by him that it had been completed. It appears that the steps left undone were the forwarding of the certificate to the secretary, with the fifty-cent fee, and the various ministerial actions to be taken by the officers of the insurer.

■ There are three often-repeated and well-recognized exceptions to the rule that where the contract of insurance provides a method for making a change of beneficiary the insured must follow substantially the method prescribed: (1) If the society has waived a strict compliance with its own rules, and in pursuance of a request of the insured to change his beneficiary, has issued a new certificate, the original beneficiary will not be heard to complain that the course indicated

by the regulations was not pursued; (2) If it is beyond the power of the insured to comply literally with the regulations a court of equity will treat the change as having been made; and (3) If the insured has pursued the course pointed out by the laws of the association, and has done all in his power to change the beneficiary, but before the new certificate is actually issued he dies, a court of equity will treat such certificate as having been made. (*McLaughlin* v. *McLaughlin, supra; Supreme Lodge* v. *Price, supra; Barboza* v. *Conselho Supremo, etc., supra.*)

With the first exception we are obviously not concerned. The second and third are not so clear of application nor always easily distinguished from each other. However, we think the second does not apply here for the reason that it was not impossible that the course prescribed by the constitution and by-laws of the society be carried out. The third exception has been variously interpreted as meaning all that is required of the insured, leaving only ministerial duties to be performed by the insurer (*McLaughlin* v. *McLaughlin, Barboza* v. *Conselho Supremo, etc.,* both *supra,* and *Garrett* v. *Garrett,* 31 Cal. App. 173 [159 Pac. 1050]), or as all that it was possible for the insured to do under the circumstances under which he attempted to make the change. (*Supreme Lodge* v. *Price, supra; Johnston* v. *Kearns,* 107 Cal. App. 557 [290 Pac. 640], and see *Bell* v. *Criviansky,* 98 Mont. 109 [37 Pac. (2d) 673].)

We think that where the insurer is not contesting the change the rule is not to be applied rigorously and where the insured makes every reasonable effort under the circumstances, complying as far as he is able with the rules, and there is a clear manifestation of intent to make the change, which the insured has put into execution as best he can, equity should regard the change as effected. (See 42 Harv. L. Rev. 250.) *Barboza* v. *Conselho Supremo, etc., supra,* can be distinguished on the ground that nothing had been done in execution of the intent to change beneficiaries. Other comparatively late cases indicate a relaxation of the rule. In *Supreme Lodge* v. *Price, supra,* while it was held that the insured did not do all within her power to effect the change, the court indicated that had she executed all the necessary papers and directed their filing with the necessary fee the change would have been effective. That case also emphasizes the element of notice to the asso-

ciation during the life of the insured, but, in *Johnston* v. *Kearns*, also *supra*, the notice was mailed after the death of the insured, although at his direction, the court remarking that change in beneficiary "depends, not merely upon the records in the office of the company at the moment of the death of the insured, but also upon what steps have been taken by the insured prior to his death. The only new question here presented arises from the fact that the request for change of beneficiary was not actually mailed prior to the death of the deceased, although the insured upon his deathbed handed it to his employer for the purpose of mailing. If the insured had himself mailed the letter, and thereafter died before it reached the office of the company, under the terms of the contract and the authorities, it would be held that the beneficiary had been changed. We do not think the result should be any different in the case at bar. Prior decisions have, in effect, held the right of an insured to change his beneficiary does not depend upon how far he may happen to live from the home office of the company. We think also such a right does not depend upon when the next mail train happens to leave that particular locality. *The right depends upon the acts of the insured himself, as measured by equitable rules.*" (Italics added.) Nor do we think it should depend upon the inadvertence of the insured's agent. It does not appear that had the certificate been sent in with the required fee, as insured directed and as he supposed was done, the society would not have issued the new policy in favor of appellant as beneficiary, or that all was not in order so as to meet the approval of the insurer's officers. The insured, having complied so far as he was able with the rules of the society, by executing and acknowledging the indorsement and by directing his attorney, brother and friend to see that the rest of the necessary steps were carried out, it must be held, under the equitable principles considered above, that there was an effective change of beneficiary.

Respondents contend that, even if made with all the formalities required, the attempted change was invalid under section 7 of the constitution forbidding an assignment for consideration or a pledge of the policy.

Assuming that the transaction can be considered an assignment rather than an attempt to appoint a new beneficiary, there is no merit in this contention. In *Lewis* v. *Reed*, 48

Cal. App. 742 [192 Pac. 335], such a restriction in the policy was held ineffective. The court there said, at page 745: "under the statute of this state the right is preserved to the insured to assign his policy of insurance, and that right cannot be taken away by a term of the contract which attempts so to do, notwithstanding the well-recognized rule that a person may waive the conditions of a statute designed solely to secure to him a personal privilege where no question of public policy enters into consideration. Section 2764 of the Civil Code (now, with slight changes, section 10130 of the Insurance Code [Stats. 1935, ch. 145, Deering's 1935 Supp., Act 3748]) provides that 'a policy of insurance upon life or health may pass by transfer, will, or succession to any person, whether he has an insurable interest or not, and such person may recover upon it whatever the insured might have recovered'." See, also, *Beaumond* v. *Prudential Ins. Co.*, 5 Cal. App. (2d) 632, 634 [43 Pac. (2d) 820].

The judgment is reversed and the cause remanded to the trial court with directions to enter judgment for the cross-defendant and appellant J. C. Pimentel.

Waste, C. J., Shenk, J., Conrey, J., Seawell, J., and Curtis, J., concurred.

Rehearing denied.