[S. F. No. 15960.    Department One.—March 20, 1941.]

PAULINE COOK, Appellant, v. AGNES KEEGAN COOK, Respondent.

642

Marion Vecki for Appellant.

Williamson & Wallace and Thomas J. Keegan for Respondent.

CARTER, J.—This case arose out of a controversy between the defendant, widow of a decedent, Milton H. Cook, and the plaintiff, Pauline Cook, the daughter of decedent and stepdaughter of defendant, concerning the proceeds of a life insurance policy in the sum of $2,020.39 on the life of decedent; plaintiff's claim to the proceeds arises from a provision in decedent's will, whereas defendant's claim arises from the fact that she was named beneficiary in the insurance policy.

The decedent having been married to Valerie Cook was divorced from her in 1908. The issue of that marriage were a son, Horatio Nelson Cook, and a daughter, plaintiff herein. Plaintiff and her mother moved to Paris, France, after the divorce and remained there until after the death of decedent; she was 18 years of age at the time of decedent's death and 21 years of age on November 27, 1927. On December 22, 1919, while decedent was unmarried, there was issued to him by the Equitable Life Assurance Society, a policy of insurance on his life; the named beneficiary was his son, Horatio Nelson Cook. By the terms of the policy the insured reserved the right to change the beneficiary, and such change was to be made by written request therefor followed by endorsement thereof on the policy by the insurer. The policy authorized a change in beneficiary and then provided: "Beneficiary—If the right to change the beneficiary has been reserved and there is no written assignment of this policy on file with the Society, the Insured may from time to time during its continuance, change the beneficiary or beneficiaries by a written request upon the Society's blank filed at its Home Office, but such change shall take effect only upon the endorsement of the same hereon by the Society. If there be no beneficiary surviving at the death of the Insured, the proceeds of this policy shall be payable to the executors, administrators or assigns of the Insured." With reference to assignment the policy provided: "No assignment of this policy shall be binding upon the Society unless in writing and filed at its Home Office." In 1921, decedent married defendant, and a daughter was

the issue of that marriage. On September 21, 1921, decedent, in the manner provided by the policy, changed the beneficiary therein to defendant, and the policy so existed when decedent died. Decedent died on November 16, 1926, while a resident of California, leaving surviving him defendant and the above-mentioned children. His entire estate was his separate property. He left a will dated March 17, 1925, in which he bequeathed sixty per cent of his estate to defendant and forty per cent to his son; his son was directed to pay $40 per month to plaintiff but to have sole control of his share of the estate; the will also referred to a life insurance policy, concededly not here involved, the proceeds of which were to be used to pay a certain indebtedness, and the balance to his son and defendant; it then provided:

"Because my beloved daughter Pauline is well provided for by my former wife who recently inherited from her mother I am leaving forty percent of what I possess to my son Nelson knowing that he will pay his sister the forty dollars a month referred to or more if he is able. A policy of insurance Equitable Life Assurance Co. #2,536,262 payable on its face to Horatio Nelson Cook is to be collected by him and paid to her. . . .

"I have left certain insurance policies other than those specified which are to be paid direct to the beneficiaries and are not to be considered part of my estate." The policy here involved is #2,536,262. The will was admitted to probate on defendant's petition, and she being so designated in the will, was appointed executrix. Defendant administered the estate; and an order settling the final account and a decree of distribution were entered on January 16, 1928; those orders were not appealed from and are final. The estate was accordingly distributed. Due notice was given in the estate proceeding and the decree was not obtained by fraud. The insurer paid the proceeds of the insurance policy here involved to defendant shortly after decedent's death and the same was not included in or probated as a part of the assets of the estate. Plaintiff's demand on defendant for the proceeds of said policy made on September 7, 1935, being refused, she commenced this action on October 24, 1935, to recover same on the theory that they were held by defendant as trustee for the use and benefit of plaintiff by reason of the above-quoted portion of decedent's will. Plaintiff claimed in her

644

complaint that defendant, with full knowledge of the terms of the will and the insurance policy, elected to and did take under the will; and that she represented to plaintiff that all of decedent's insurance policies had been disposed of during his lifetime, and in reliance thereon, and in ignorance of the payment of said proceeds to defendant, and that the policy of insurance was transferred to plaintiff or that she was made beneficiary therein by the will, plaintiff did not take any action in the premises until she discovered the true situation shortly before she commenced this action. Defendant controverted those allegations and pleaded as special defenses, the decree of distribution in the estate proceeding, laches and the statute of limitations. The trial court found in favor of defendant on the general issue of fraud, and also found that the action was barred by sections 337, 338 and 343 of the Code of Civil Procedure and laches, and that the decree of distribution was a bar to the action.

The main premise upon which plaintiff relies for a reversal of the judgment, is that the above-quoted provision of the will effectively transferred the insurance policy upon decedent's death to decedent's son, Horatio Nelson Cook, in trust to collect the proceeds thereof and pay them to plaintiff, and that said provision accomplished an effective change in beneficiary from defendant to Horatio Nelson Cook as trustee. Several other contentions of plaintiff are but ramifications or varying approaches to that main ground.

■ It is a fundamental rule of law, as conceded by both parties, that in an ordinary life insurance policy where the insured reserves the right to change the beneficiary named therein, such change may be made by him at any time prior to his death, and that the beneficiary has no such vested right therein prior to the death of the insured as will enable him to prevent the change. (*Blethen* v. *Pacific Mut. Life Ins. Co.*, 198 Cal. 91 [243 Pac. 431].) ■ The same is true of the rule that in an ordinary life insurance policy the insured's property right therein is such that it may be passed by the insured by transfer, will or succession. (Ins. Code, sec. 10,130; *Blethen* v. *Pacific Mut. Ins. Co., supra.*) Further, it must be conceded that decedent here could have changed the beneficiary from defendant to whomever he desired, at any time prior to his death. ■ It is asserted, however, that by virtue of sections 2764 and 2765 of the

Civil Code (in force at the time here involved), upon which sections 10,130 and 10,131 of the Insurance Code are based, the clause in the will above quoted constituted a transfer on death of the insurance policy or a change in the beneficiary, and thus deprived defendant of any rights thereunder, although no request for such change was made to the insurer, nor was it endorsed on the policy. Section 2764 provided:

"A policy of insurance upon life or health may pass by transfer, will or succession to any person, whether he has an insurable interest or not, and such person may recover upon it whatever the insured might have recovered." Section 2765 provided:

"Notice to an insurer of a transfer or bequest thereof is not necessary to preserve the validity of a policy of insurance upon the life or health, unless thereby expressly required." There are several reasons why these sections are not applicable to the case at bar. Their manifest object was to make insurance policies freely alienable although the transferee or legatee had no insurable interest. That result has been reached by court decision without the aid of legislation. (*Grigsby* v. *Russell,* 222 U. S. 149 [32 Sup. Ct. 58, 56 L. Ed. 133]; *Lewis* v. *Reed,* 48 Cal. App. 742 [192 Pac. 335].) Section 2764 merely clarified and made certain the law on the subject. We are not disposed to hold however, that that rule made it possible, under all circumstances, for the insured to assign his policy or change the beneficiary by his will where there had been no attempt to change the beneficiary or assign the policy during life or to comply with the requirements of the policy to consummate such change. Of course, there are instances in which an insured may transfer his policy by will. Where the policy has no named beneficiary but is payable to the estate of the insured, the policy may be disposed of by will or pass by intestate succession if the insured dies intestate (14 Cal. Jur. 585). Where the named beneficiary predeceased the insured and the power is reserved to change the beneficiary, the latter thus having no vested right in the policy or proceeds, the insured may dispose of the policy by will. This is true for the reason that, under such circumstances, the mere expectancy held by the beneficiary during the life of the insured vanishes with the death of the beneficiary prior to the death of the insured; and naturally the proceeds fall into the estate of the

insured and are subject to testamentary disposition. (*Supreme Council, etc.,* v. *Gehrenbeck,* 124 Cal. 43 [56 Pac. 640]; *Estate of Castagnola,* 68 Cal. App. 732 [230 Pac. 188].) And there may be instances in which by the terms of the particular policy involved, it is transferable by will. There may be other instances, but the rule cannot have any application to the facts in the instant case. A will does not become operative until death; prior to death it is revocable at the whim of the testator, and the objects of the testator's bounty have no vested rights. In that respect it is very similar to the rights of a beneficiary under a life insurance policy in which the insured reserves the right to change the beneficiary such as we have in the instant case. However, upon death the beneficiary's right becomes vested, and that being the case, no expression in the insured's will purporting to assign his life insurance policy or change the beneficiary can be effective. At death he no longer has a policy to assign. It has passed to his heirs, if no beneficiary was designated; if a beneficiary is named it passes to such beneficiary. He cannot then change the beneficiary because the right of the named beneficiary has vested. It should be noted that section 2764 not only authorizes the transfer by will of a policy of insurance but also authorizes such transfer by "succession" as well as assignment. If plaintiff's argument were to be adopted, it must necessarily extend to all modes of transfer mentioned in the section, and if it were applied to a transfer by succession, then a beneficiary would never under any circumstances receive the proceeds of a life insurance policy except possibly in case of a person dying without heirs. In connection with the interpretation of section 2764 it may well be pertinent to consider the provisions of section 2769 of the Civil Code, which provide:

"The proceeds of every policy of insurance due on the death of the insured shall by the insurer be paid to the *beneficiary designated therein,* or, if no beneficiary is designated therein, to the estate of the insured; or, if the policy *has been* assigned, to the assignee thereof; and such payment shall satisfy all obligations of the insurer with respect to the policy." This section is clearly in accord with section 2764 as we have interpreted it, but it is contrary to plaintiff's position. The express direction is that the proceeds are to be paid to the

*beneficiary* if one, but not to the estate *unless* there is no beneficiary.

What was said by the District Court of Appeal in the case of *Supreme Lodge* v. *Price,* 27 Cal. App. 607, 623 [150 Pac. 803], is pertinent in this connection. We quote the following from the opinion in that case.

"It is very clear that the instrument signed by the deceased, *even if it had been executed and attested according to the formalities prescribed by our law for the execution and attestation of wills* (Civ. Code, sec. 1276), cannot operate as a testamentary disposition of the fund, nor, as a will, to change the beneficiaries. *Besides* the consideration that the laws of the plaintiff expressly prohibit such testamentary disposition, there is another *insuperable objection to such mode of disposing of the benefit money in this:* That a *will cannot take effect until after the death of the testator and, of course upon property only belonging to him,* and therefore, since, in a case where, as here, no change of beneficiaries has been made according to the laws of the society, or permitted by an informal method under a waiver of said laws, the interest of the beneficiary designated in the certificate in the benefit fund becomes vested, *eo instanti,* upon the death of the assured. In other words, the title to the benefit money vests in the beneficiary immediately upon the death of the assured, and, of course, *any provision in the last will of the latter purporting or attempting to make a different disposal of the fund would be as ineffectual for the purpose for which it was intended as would be a provision attempting thus to dispose of property which the testator never owned or had any interest in.*

"Nor can the document be upheld as a direction to the association to make the change, for, as before explained, the fact of the desired change was never in any manner communicated to the association during the lifetime of the assured, and, therefore, the consent of the association was not and could not be obtained for a change of beneficiaries in that informal manner." (See, also, *De Silva* v. *Supreme Council of Portuguese Union,* 109 Cal. 373 [42 Pac. 32].) Although it may be that the above statement was *dictum* and that sections 2764 and 2765 of the Civil Code were not mentioned by the court, it is persuasive and sound argument in support of defendant's position in the case at bar; as above

shown those sections of the Civil Code are not applicable to this case in any event. The reasoning of the court in the case of *Supreme Lodge* v. *Price, supra,* is not dependent to any extent for its force or logic upon the issue of whether or not an insurance policy may pass by will to a person with no insurable interest. Therefore it is immaterial to the conclusion reached that the court there did not consider the effect of section 2764 of the Civil Code authorizing a disposal of a policy by will to one without an insurable interest. The sole object of sections 2764 and 2765 was to legalize a transfer by will, etc., under appropriate circumstances, regardless of whether the transferee had an insurable interest.

Furthermore, there was no attempt, other than the will which was not effective, on decedent's part to comply with the provisions of the policy to consummate a change in the beneficiary nor was he prevented from so complying. The rigor of the rule requiring that the method provided by the policy for a change of beneficiary must be followed, is relaxed when the controversy is between conflicting claimants and the insurer is not raising the issue. (*Pimentel* v. *Conselho Supremo, etc.,* 6 Cal. (2d) 182 [57 Pac. (2d) 131].) However, as a general principle, the method prescribed by the policy must be followed, and if it is not, no change is accomplished, unless whatever occurred in that respect comes within one or more of the three exceptions to the rule. Those exceptions are based on equitable principles and are designed to assist an insured in carrying out his intent to change a beneficiary in instances such as when he has done all he could have done to make the change, there is a waiver, or he was prevented from making the change, and where there was not a literal compliance with the terms of the policy. In the case of *Pimentel* v. *Conselho Supremo, etc., supra,* this court said:

"There are three often-repeated and well-recognized exceptions to the rule that where the contract of insurance provides a method for making a change of beneficiary the insured must follow substantially the method prescribed: (1) If the society has waived a strict compliance with its own rules, and in pursuance of a request of the insured to change his beneficiary, has issued a new certificate, the original beneficiary will not be heard to complain that the course indicated by the regulations was not pursued; (2) If it is beyond the

power of the insured to comply literally with the regulations a court of equity will treat the change as having been made; and (3) If the insured has pursued the course pointed out by the laws of the association, and has done all in his power to change the beneficiary, but before the new certificate is actually issued he dies, a court of equity will treat such certificate as having been made. (*McLaughlin* v. *McLaughlin*, *supra; Supreme Lodge* v. *Price, supra; Barboza* v. *Conselho Supremo, etc., supra.*)

''With the first exception we are obviously not concerned. The second and third are not so clear of application nor always easily distinguished from each other. However, we think the second does not apply here for the reason that it was not impossible that the course prescribed by the constitution and by-laws of the society be carried out. The third exception has been variously interpreted as meaning all that is required of the insured, leaving only ministerial duties to be performed by the insurer (*McLaughlin* v. *McLaughlin*, *Barboza* v. *Conselho Supremo, etc.*, both *supra*, and *Garrett* v. *Garrett*, 31 Cal. App. 173 [159 Pac. 1050]), or as all that it was possible for the insured to do under the circumstances under which he attempted to make the change. (*Supreme Lodge* v. *Price, supra; Johnston* v. *Kearns*, 107 Cal. App. 557 [290 Pac. 640], and see *Bell* v. *Criviansky*, 98 Mont. 109 [37 Pac. (2d) 673].)'' Obviously, the making of his will, the only thing done by decedent, does not come within any of those exceptions. Even if the will when made in 1925 should be considered as an attempt to change the beneficiary or assign the policy at that time rather than on the date of decedent's death when the will became operative, still the case would not fall within any of the exceptions because no endeavor was made to communicate such change to the insurer, and the insured would be presumed to know the law that a will is ineffective until death. A whole year elapsed after decedent made his will and before he died, and he did nothing to change the beneficiary in the policy. The will at the time of its execution could not be said to be a present assignment of the policy because a will is revocable and the beneficiaries thereunder have no vested rights prior to the testator's death. Nothing could have passed by the will at that time, and on death when the will became operative, the defendant's right as named beneficiary had vested. In any

event the provision in the will was quite apparently an attempt to bequeath the proceeds of a policy of insurance rather than assign the policy itself.

In reaching the foregoing conclusions we have not overlooked the principle that provisions such as sections 2764 and 2765 of the Civil Code (now embodied with minor changes in sections 10,130 and 10,131 of the Insurance Code) providing for a transfer of a policy of life insurance by will or otherwise, and that notice to the insurer of the transfer is not necessary to preserve the validity of the policy unless expressly required, cannot be altered or frustrated by contract, because of reasons founded on public policy. (*Lewis* v. *Reed,* 48 Cal. App. 742 [192 Pac. 335].) As above stated, however, those sections are not applicable to the instant case, and a change of beneficiary or a transfer of a policy cannot be accomplished by will where the named beneficiary in the policy has not been changed or died prior to the death of the insured.

*Estate of Mattley,* 110 Cal. App. 439 [294 Pac. 37], relied upon by plaintiff does not pass upon the issue here involved. The court there assumed with respondent that the proceeds of the insurance policy belonged to the estate, therefore no issue was determined as to whether it did belong to the estate or the beneficiary named in the policy. *Pimentel* v. *Conselho Supremo, etc., supra,* does not support plaintiff's position because in that case, all that could have been done by the insured to change the beneficiary was done by him prior to his death.

█ We are not impressed with the argument advanced by plaintiff that defendant is estopped to assert that the provision in the will was ineffective to change the beneficiary, or that her right as beneficiary became vested on decedent's death because the insurer was not notified of the alleged transfer by will, or that the insurer had not waived the necessity for compliance with the terms of the policy in respect to a change of beneficiary. From all that appears the will was in the possession of the insured, decedent, until after his death, and defendant, beneficiary, did nothing to prevent him from assigning it or changing the beneficiary. Assuming that after the insured's death, defendant did know of the provision in the will mentioning the policy but nevertheless collected the same from the insurer, there was no obligation

or duty on her part to disclose such information to the insurer or plaintiff. Defendant did not profit by her own wrong; she did no wrong. The elements of estoppel are lacking. In the case of *Jory* v. *Supreme Council,* 105 Cal. 20 [38 Pac. 524, 45 Am. St. Rep. 17, 26 L. R. A. 733], relied upon by plaintiff, the estoppel and equitable relief were based on the fact that the beneficiary having possession of the policy, refused to deliver it to the insured and concealed it when the insured attempted to obtain it from her to change the beneficiary. The insured then proceeded to comply with all other requirements for a change of beneficiary, except the delivery of the policy to the insurer which she was prevented from doing by the then beneficiary. We have no such facts in the case at bar.

Plaintiff advances the theory that by reason of the aforementioned clause in the will dealing with an insurance policy coupled with the fact that defendant was a devisee of property under the will, defendant was put to her election and she having taken under the will, there was an election requiring her to recognize the will *in toto* and by so doing must recognize plaintiff's right to the proceeds of the policy of insurance. We agree with defendant that the provision in the will did not purport to dispose of the policy here involved because it referred to a policy "payable on its face to Horatio Nelson Cook." When the will was made and at decedent's death there was no policy payable to Horatio Nelson Cook; it was payable to defendant as beneficiary. Thus there was no attempted disposal of property belonging to defendant, i. e., a policy payable to her. Also the proceeds of the policy did not *belong* to defendant until the insured's death. Prior to that time she had no vested property right therein. There was thus no disposal of property owned by defendant which is an essential factor in the doctrine of election.

Furthermore, it cannot be said that defendant was ever in fact placed in a position where she was forced to make an election. The offering of a will for admission to probate and seeking appointment as executrix does not constitute an election. (*Estate of Gwin,* 77 Cal. 313 [19 Pac. 527].) Neither the insurance policy nor its proceeds was listed as an asset of the estate or included in the probate proceeding thereof. Therefore it might be said that they were not dis-

posed of or affected by the will or the decree of distribution. If anything, it might well be argued that defendant elected to take against the will because she collected under the policy long before there was any property distributed to her under the will. Under such circumstances plaintiff's action would be to recover whatever was left to her by the will, but under that theory plaintiff would be met with the fact that the decree of distribution contained an omnibus clause which distributed all property not described in the decree to defendant and Horatio Nelson Cook; none was distributed to plaintiff. That decree is final.

■  Whatever may be the merit of plaintiff's contentions, the decree of distribution in the probate proceeding in decedent's estate was conclusive as to the interpretation of the will, and the rights of legatees thereunder, and the property included or covered by the will, the existence, validity of and rights under any testamentary trust, and the incidental matters which necessarily are involved in a determination on those subjects whether right or wrong. It cannot be collaterally attacked except for extrinsic fraud or certain jurisdictional defects. The general rule in this respect is thus stated:

"The decree is conclusive 'as to the rights of heirs, devisees and legatees,' and a decision as to them includes determination of the persons entitled as such and the parts or proportions to which each is entitled. Thus the court has jurisdiction to determine who are the legal heirs, devisees, or legatees, and all questions concerning the distribution, including questions of community property involved. The decree, therefore, determines the heirship of claimants, and it is conclusive that a prior decree determining heirship is valid, where such prior decree was questioned on distribution but was followed." (11B Cal. Jur. 794.) And again:

"If there is a will the court must pass upon the validity of the disposition attempted by the testator, and the decree of distribution is conclusive thereof.

"The decree is necessarily a judicial construction of the will and fixes the several interests of the distributees by designating the persons and the proportions or parts to which each is entitled, and is conclusive thereof. *Legacies not mentioned in the decree are cut off*. A claim of interest upon a legacy should be asserted in the proceeding for distribution, and a

distribution without interest is a determination that the legatee is entitled to none.

''The will is merely a part of the evidence upon which the decree is based, and becomes merged in and superseded by the decree, the decree becoming the measure of the rights of the beneficiaries and the law of the estate. The decree therefore is conclusive as against collateral attack, even though in contravention of the terms of the will. In other words, the will cannot be used to impeach the decree. Although a provision in the will may have been invalid, a decree distributing the estate in accordance therewith is conclusive, when final, as to the validity of the will. The question whether a claimant has forfeited his rights under a noncontest clause properly arises on distribution.'' (11B Cal. Jur. 796.) In the instant case the decree of distribution did not distribute any property to plaintiff or to Horatio Nelson Cook as her trustee. All of the property was distributed to Horatio Nelson Cook, free and clear of any trust or obligation, and to defendant. The decree was pleaded as a defense by defendant and the lower court found in its conclusions of law that the decree was a bar to plaintiff's action. It cannot be denied that it was at least a conclusive determination of essential factors in plaintiff's case. It decided that plaintiff was entitled to nothing under the will; thus plaintiff acquired no interest in the insurance policy or its proceeds thereby, or it might be said, that the insurance policy here involved was not contemplated by the provision in the will in respect to plaintiff. It decreed, in effect, that no election was required of defendant; and that the insurance policy was not disposed of by will upon death. As a necessary incident of the determination in respect to the interpretation of the will it may be said that the alleged power in trust to Horatio Nelson Cook to collect the policy and pay it to plaintiff was invalid and ineffective and therefore plaintiff never became the beneficiary of any trust and has no standing in this action. A decree of distribution in a probate court is conclusive on the validity and rights under a testamentary trust. (11B Cal. Jur. 798.) We believe that the decree of distribution in the estate proceeding is an insuperable obstacle to plaintiff's recovery. The only possible circumstances under which it might be claimed that it was not, would be under the theory that the will, taken as a document, independent of its character as a

will, transferred the policy of insurance or changed the beneficiary; but that we have seen it did not accomplish.

■ Plaintiff claims that both an involuntary and voluntary trust were created subject to which defendant held the proceeds of the insurance policy. Inasmuch as we have concluded that no rights in the insurance policy were acquired by plaintiff by the provision in the will, i. e., that the will did not dispose of the insurance policy or the proceeds, it necessarily follows that no trust was impressed thereon. An involuntary trust must be predicated on the proposition that a person has acquired property which is impressed with a trust knowing that it is so impressed, or that he wrongfully comes into possession of the trust *res* under such circumstances that equitable principles create a trust. Here defendant rightfully acquired property which was not impressed with a trust. Even if it be conceded that defendant by assuming the duty to act and acting as executrix and carrying out the provisions of the will, accepted the provisions of the trust purportedly imposed by the will on the insurance policy and thereby became a voluntary trustee, the result cannot be different for the reason that the decree of distribution conclusively determined that there was no valid trust created and that no interest in the insurance policy was acquired by any trustee or beneficiary. For those reasons further discussion of plaintiff's trust theories would be superfluous.

■ Plaintiff asserts that the action was not barred by the statute of limitations. (Code Civ. Proc., secs. 337, 338 and 343.) In this connection plaintiff, to escape the statute, alleged:

"That at the time of the death of said Milton H. Cook, as aforesaid, plaintiff was a minor, and was continuously residing in Paris, France, until the summer of 1935, when she returned to San Francisco, California; that shortly after the death of said Milton H. Cook, defendant by and through her attorney advised and informed plaintiff that said Milton H. Cook, deceased, had disposed of all of his life insurance during his lifetime, and plaintiff believed said statements and information so stated and given to her regarding her father's life insurance, and relied thereon, and plaintiff did not learn, or receive knowledge of the true facts and circumstances connected with the collection and payment, as aforesaid, of the proceeds of said life insurance policy hereinbefore de-

scribed in Paragraph IV, until she returned to San Francisco, California, in the summer of 1935." Defendant pleaded the statute of limitations and in this connection the court found:

"At the date of the death of said Milton H. Cook his said son Horatio Nelson Cook was over twenty-one years of age and the said plaintiff, Pauline Cook, was over the age of eighteen years, and she attained the age of twenty-one years on or about the 29th day of November, 1927. That within three months after the death of said Milton H. Cook the said plaintiff received a copy of his last will and testament and was fully advised of the nature and character of his estate and thereafter and after the said plaintiff had attained her legal majority and while the probate proceedings of the estate of Milton H. Cook were still pending and as much as a year prior to the final distribution of said estate, the said plaintiff was fully and definitely advised of the fact that the said policy of insurance on the life of Milton H. Cook was at the death of said Milton H. Cook payable to the defendant in this action, and the defendant claimed the same for her sole separate use and benefit and had collected the amount due under said policy and had kept and retained the same. That plaintiff made no claim to the said insurance policy or to the moneys payable or paid thereunder during the said probate proceedings, or at any time prior to the 7th day of September, 1935, and did not institute this action or any action until the 24th day of October, 1935. . . .

"That plaintiff's cause of action is barred by the provisions of Sections 337, 338 and 343 of the Code of Civil Procedure of the State of California." The findings wholly negative plaintiff's claim that the running of the statute was tolled by fraudulent concealment and clearly establish that her purported cause of action was barred by the statute. The decree of distribution was entered on February 6, 1928. Plaintiff reached 21 years of age on November 29, 1927; and she was 18 years of age on November 29, 1924. Defendant obtained the proceeds from the policy shortly after the death of insured on November 16, 1926. Even applying the four-year period of limitation, we find that several years prior to the date four years before the action was commenced, plaintiff was fully advised of the terms of the will and that defendant had collected the insurance policy and claimed it as her own. This shows that any trust created by the will

was repudiated by defendant and plaintiff knew it. It was not until September 7, 1935, that plaintiff made a demand for the insurance policy or the proceeds thereof. She did not commence her action until October 24, 1935. Conceding that the evidence on the subject embraced in the findings on the statute of limitations is conflicting, this court does not resolve conflicts; that is the province of the trial court and it found against plaintiff. There is ample evidence that by correspondence between plaintiff and her mother and the attorney for the insured's estate and by oral communication, plaintiff was informed of the will and of the insurance policy and that she had no interest therein and that the proceeds were all claimed by defendant. Plaintiff admits by her own letter to said attorney that she knew those things. There is no evidence that defendant ever recognized any claim of plaintiff to the policy or its proceeds. She always asserted full ownership of both after decedent's death.

Plaintiff objects to the findings of the court claiming that they do not cover all of the issues, that they are contradictory and do not support the conclusions of law. Without discussing in detail the pleadings and findings, suffice it to say we are satisfied that the findings are responsive to the pleadings and find on all of the material issues raised, and that they are not contradictory or fail to support the conclusions of law. In any event as we have determined that the fundamental theory of plaintiff's case is unsupportable, that her action is barred by the statute of limitations, and that it is defeated by the decree of distribution, it would not be profitable or useful to make an extensive review of the pleadings and findings. All of the essential matters are sufficiently and properly covered by the findings and the findings support the conclusions of law.

The judgment is affirmed.

Shenk, J., concurred.

Edmonds, J., concurred in the judgment.

A petition for a hearing in Bank was denied April 17, 1941.