127 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff
v.
Julie Suzanne WITHERS, Defendant-Appellant,
and
Diana Ortega WITHERS, Defendant-Appellee.
 No. 96-55328.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 9, 1997.**
Decided October 14, 1997.
 
 Appeal from the United States District Court for the Central District of California, Mariana R. Pfaelzer, District Judge, Presiding; No. CV-95-02199-MRP.
 Before: O'SCANNLAIN, FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Julie Suzanne Withers appeals the district court's grant of summary judgment to Diana Ortega Withers in an interpleader action that the Prudential Life Insurance Company ("Prudential") instituted under 23 U.S.C. § 1335 to determine the beneficiary of a term life insurance policy (the "Policy"). In granting summary judgment to Diana Withers, the district court concluded that she was the beneficiary of the Policy. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), applying California law, Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), and affirm.
 
 
 3
 As a general rule, an insured must comply with life insurance policy requirements to effectuate a change of beneficiary. See Pimentel v. Conselho Supremo de Uniao Portugueza, 57 P.2d 131, 133 (Cal.1936). The Policy establishes the following requirements for changing a beneficiary:
 
 
 4
 You may designate or change a beneficiary. Your request must be in writing and in a form that meets our needs. It will take effect only when we file it at our Home Office; this will be after you send the contract to us to be endorsed, if we ask you to do so. Then any previous beneficiary's interest will end as of the date of the request. It will end then even if the insured is not living when we file the request. Any beneficiary's interest is subject to the rights of any assignee we know of.
 
 
 5
 Bradley Withers failed to comply with these requirements because he neglected to submit his request for a change of beneficiary (the "Request") to Prudential before his death. Courts have generally rejected such post-death submissions as inadequate to effectuate a change of beneficiary. See, e.g., Gibson v. Henderson, 459 So.2d 845 (Ala.1984) (requiring insured to mail or otherwise deliver request for beneficiary change to employer before death, although such requirement was not expressly stated in policy); Kaplan v. Metropolitan Life Ins., 29 A.2d 143, 143-44 (N.J.1942) (holding that mailing of life insurance policy and change of beneficiary form to insurer after insured's death did not comply with provision requiring insured to file written notice of change of beneficiary and policy with insurer's home office). A contrary result would allow a change of beneficiary to be triggered by any individual who could produce written evidence supposedly memorializing the insured's intention to effect such a change.
 
 
 6
 Nor did Bradley Wither's conduct bring him within an exception to the rule of compliance that applies when, as here, the insurer is discharged from the suit: "if the insured has pursued the course pointed out by the laws of the association, and has done all in his power to change the beneficiary, but before the new certificate is actually issued he dies, a court of equity will treat such certificate as having been made." Pimentel, 57 P.2d at 133-34.
 
 
 7
 Bradley Wither's actions fell far short of "complying as far as he [was] able with the rules," see id. at 134. No infirmity prevented Bradley from understanding or complying with the policy requirements for changing his beneficiary. Nonetheless, during the seven months between the date of the Request and his death, Bradley Withers failed to ask Julie Withers even once whether she had submitted the Request. Clearly, therefore, Bradley Withers failed to do everything in his power to change his beneficiary, and his actions did not effectuate a change of beneficiary. See Manhattan Life Ins. Co. v. Barnes, 462 F.2d 629 (9th Cir.1972) (applying California law to find that change of beneficiary did not take effect when insured executed form requesting change of beneficiary twenty-two months before death and instructed employee to change beneficiary, but failed to notify insurer about intended change and to inquire whether it had been completed, despite lack of incapacity); Pimentel, 57 P.2d at 132-34 (treating insured's intended change of beneficiary as effective, when insured executed change of beneficiary clause during prolonged hospital stay and, while still ill, asked agents whether change had been completed and was mistakenly assured that it had). Accordingly, the district court did not err by granting summary judgment to Diana Withers.[1]
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because we conclude that Diana Withers is the lawful beneficiary, we need not address whether her community property interest in the Policy or the Los Angeles Superior Court's general restraining order prevent Julie Withers from receiving some or all of the proceeds of the Policy