**FILED**

MAY 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WEST COAST LIFE INSURANCE COMPANY, | No. 14-56131 |
| Plaintiff, | D.C. No. 2:13-cv-06249-DDP-VBK |
| and | |
| KATHLEEN MARIE PATERSON, an individual, AKA Kathleen Clarke Stokes, | MEMORANDUM[*] |
| Defendant-cross-defendant - Appellant, | |
| v. | |
| GLENDA CLARKE, an individual, | |
| Defendant-cross-claimant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted May 5, 2016
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: KOZINSKI, W. FLETCHER, and GOULD, Circuit Judges.

In this interpleader action brought by West Coast Life Insurance Company ("WCL"), Kathleen Marie Paterson ("Kathie") appeals from the district court's grant of summary judgment to Glenda Clarke ("Glenda"). We affirm.

"As a general rule, California requires a change to a beneficiary designation [on a life insurance policy] to be made in accordance with the terms of the policy." *Life Ins. Co. of N. Am. v. Ortiz*, 535 F.3d 990, 994 (9th Cir. 2008) (per curiam). The district court correctly found that the plain language of the life insurance policy at issue here makes a beneficiary change effective only as of the date a "request" for the change was made to WCL. This interpretation of the policy does not make the retroactivity provision surplusage, because an insured could die between the time the policy owner "requests" the change and the time WCL "records" it.

There was no request in this case. Although Jeffrey Clarke ("Jef"), the policy owner, filled out and signed a form naming his sister Kathie the new beneficiary, he never sent it to WCL or instructed Kathie or another person to do so. Rather, according to Kathie, he simply gave her the form for "safekeeping." There is thus no evidence to support Kathie's contention that Jef effected a change of beneficiary under the requirements of the policy.

Furthermore, none of the exceptions to the strict compliance rule apply here. *See Ortiz*, 535 F.3d at 994. It was not "beyond the power of [Jef] to comply literally" with the insurer's requirements just because a standard restraining order in effect during California divorce proceedings prohibited him from changing the beneficiary. *See Cook v. Cook*, 111 P.2d 322, 328 (Cal. 1941); Cal. Family Code §§ 233(a), 2040(a)(3). Applying that exception in this case would lead to an absurd result: any party to California divorce proceedings could invoke the "powerlessness" exception to make a beneficiary change, thereby rendering the restraining order's prohibition on such changes meaningless.

Jef also did not make "every reasonable effort" under the circumstances to make a change before his death. *See Pimentel v. Conselho Supremo De Uniao Portugueza Do Estado Da California*, 57 P.2d 131, 134 (Cal. 1936). Jef did not attempt to modify or revoke the restraining order, as he could have under California law. *See* Cal. Family Code § 235. Further, by the time Jef died his divorce from Glenda had become final and he had, accordingly, become free from any constraint imposed by the restraining order.

Because it is undisputed that Glenda was the original beneficiary and there is no genuine issue of material fact supporting Kathie's contention that Jef made a proper beneficiary change under California law, summary judgment was appropriate.

**AFFIRMED.**