[L. A. No. 6371. Department Two.—June 9, 1920.]

In the Matter of the Estate of JOSEPH L. STARR, Deceased. HELEN L. STARR, Administratrix, etc., et al., Appellants, v. MRS. M. E. GRIMES, Respondent.

[1] ESTATES OF DECEASED PERSONS—DISTRIBUTION OF EXEMPT PROPERTY—CONSTRUCTION OF SECTION 1465, CODE OF CIVIL PROCEDURE.— The special provision contained in section 1465 of the Code of Civil Procedure relating to the distribution of property which during the lifetime of the decedent had been exempt from execution,

---

1. Statutory exemption of proceeds or avails of life insurance as inuring to benefit of estate where policy is payable to executors or administrators, or estate, note, **L. R. A.** 1917F, 1143.

having as its only beneficiaries the surviving spouse and minor children of the decedent, has no application in the absence of persons comprised within these classes, with the necessary result that such property is to be treated as nonexempt property, and is, therefore, like it, subject to the payment of the decedent's debts.

APPEAL from a Decree of Distribution of the Superior Court of Los Angeles County. Charles Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. A. Martin and Leland S. Bower for Appellants.

Jesse F. Waterman for Respondent.

The following opinion was prepared by Mr. Justice Kerrigan of the district court of appeal, first appellate district, while acting as justice *pro tempore* of this court in the place of Mr. Justice Melvin. It is adopted as the opinion of the court.

THE COURT.—Joseph L. Starr died intestate in the county of Los Angeles, leaving an estate which consisted wholly of a life insurance policy of approximately one thousand two hundred dollars in value, payable to his executors, administrators, and assigns, the annual premium upon which did not exceed five hundred dollars. He left him surviving as his only heirs at law seven children all over the age of twenty-one years. Helen L. Starr, one of such children, was appointed administratrix of the estate. During administration the respondent obtained a judgment against the administratrix for some one thousand six hundred dollars, to be paid in due course of administration. In due time the final account of the administratrix was settled and allowed, but the court denied her petition that the balance in her hands be distributed to the heirs of the deceased, and directed that she pay it to the respondent in liquidation and discharge *pro tanto* of her said judgment. The administratrix of the estate and her coheirs have appealed from the part of the decree directing such payment.

In support of their appeal it is their claim that the whole of the estate is exempt from the payment of debts, and should be distributed to them after the payment of the costs of administration.

The provisions of our code applicable to the situation described are found in section 690 of the Code of Civil Procedure, subdivision 18 of which, in enumerating the kinds of property exempt from execution, specifies ''all moneys . . . accruing or in any manner growing out of any life insurance,'' etc., if the annual premiums paid do not exceed five hundred dollars; and section 1465 of the same code, which declares that all exempt property may be ''set apart for the use of the surviving husband or wife, or, in case of his or her death, to the minor children of the decedent.'' There is no doubt that under these sections the policy was exempt from execution during the lifetime of the deceased, and the proceeds after his death. The difficulty that arises in this case results from the fact that there is no express provision for the distribution of exempt property after the death of the debtor except in the case provided for in section 1465 of the Code of Civil Procedure. Here there was no one entitled to take the property under this provision. There was, therefore, no reason why this property should not be administered in the same manner as any other property belonging to the estate. The law requires that such property shall be applied first to the payment of the debts of the deceased, and after such payment shall be distributed to the heirs. The exemption was intended to apply to the decedent and upon his death to the surviving spouse, and if there were no surviving spouse then to the minor children of the deceased.

[1] The special provision contained in said section 1465 relating to the distribution of property which during the lifetime of the decedent had been exempt from execution, having as its only beneficiaries the surviving spouse and minor children of the decedent, has no application in the absence of persons comprised within these classes, with the necessary result that such property is to be treated as nonexempt property, and is, therefore, like it, subject to the payment of the decedent's debts.

The judgment is affirmed.

Wilbur, J., Lennon, J., and Sloane, J., concurred.

Hearing in Bank denied.

All the Justices concurred, except Wilbur, J., and Lennon, J., who were absent.