[Civ. No. 8505. Second Appellate District, Division One.—February 11, 1935.]

KATHRYN E. FILCHER, as Executrix, etc., Respondent, v. EDWIN E. COX, Appellant.

Finlayson, Bennett & Morrow for Appellant.

LeRoy M. Edwards and Oscar C. Sattinger for Respondent.

YORK, J.—The main question involved in this appeal is stated by appellant on the first page of his opening brief as follows:

"Statement of question involved. Pursuant to agreement, each of two partners takes out insurance on his life designating his 'executors, administrators or assigns' as the beneficiaries; each then assigns his policy and all 'Benefits' thereunder to the partnership, thus making the partnership the beneficiary. Later, the partners agree that the firm no longer requires the insurance and that each is free to do as he pleases with the policy so taken out on his life.

"Query: Does the latter agreement *ipso facto* revive the original status of each policy, so as to restore the 'executors, administrators and assigns' as the beneficiaries, or does the partnership continue to be the beneficiary unless and until a change of beneficiary shall be effected in the manner prescribed in each of the policies?"

The defendant Cox collected from the insurance company the whole amount of insurance due on the policy here involved by reason of the death of R. E. Filcher, turning over to the plaintiff as executrix one-half thereof, and claiming the other one-half as his own by reason of the partnership existing between said decedent and said defendant Cox up to the time of the death of said decedent. There is no question but that the points raised by appellant would be good, if raised by the insurance company itself. The cases cited by appellant hold that insurance companies are not required to look further than the face of the policy and any assignments or transfers appearing in their records. However, in the instant case, the facts found by the court upon the evidence introduced showed that there had been a

mutual agreement between said deceased and said defendant that the partnership was to have no further interest in or to the policies on the lives of said decedent and said defendant, since they were made in favor of the partnership solely for the purpose of covering certain obligations or possible indebtedness of the partnership, and that it was no longer necessary to carry such protection for the partnership. Defendant Cox attended to the assignment of his policy to the beneficiary he desired, but decedent failed to execute any written change of beneficiary.

The court found that the whole of the proceeds of the policy on the life of decedent was held in trust by said defendant for plaintiff, who is the executrix of the estate of R. E. Filcher, deceased.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.