[Civ. No. 8753. Second Appellate District, Division One.—March 29, 1935.]

ADELAIDE BEAUMOND et al., Appellants, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (a Corporation), Respondent.

Herbert F. Bridges for Appellant.

Loeb, Walker & Loeb and Herman F. Selvin for Respondent.

F. Elred Boland, as *Amicus Curiae* on Behalf of Respondent.

EDMONDS, J., *pro tem.*—Plaintiffs appeal from a judgment of nonsuit in an action upon a policy of industrial life insurance.

Egnacio Glory, a Filipino, insured his life under two policies issued by the defendant company payable "to the executors or administrators of the Insured immediately upon receipt of due proof of the prior death of the Insured during the continuance of this policy, unless payment be made under the provisions of the next succeeding paragraph." This latter provision is known as the facility of payment clause.

Some time after the issuance of the policies Glory took plaintiff Beaumond to the office of the company and told the agent that he wanted to make her the beneficiary of his life insurance. The agent thereupon gave him two blanks which he signed in the presence of the agent and Miss Beaumond. Each of them was in identical form except as to policy number and read as follows: "I, the undersigned, insured under Policy No. . . . in the above named Company, hereby request and authorize the said Company, in event of my death prior to the death of the person next hereinafter named, to pay the amount of benefit specified in said policy to Adelaide Beaumond, my (state relationship, if any) Friend and the receipt signed by said person, or other sufficient proof of such payment, shall operate in the same manner as the receipt or proof of payment described in said policy.

"It is mutually agreed and understood, however, that nothing herein is to vary in any manner any of the provisions, agreements or conditions contained in said policy and the application therefor, especially the provision in the policy that the Company may make any payment provided for in the policy to any relative by blood or connection by marriage of the Insured, or to any other person appearing to said Company to be equitably entitled to the same, anything herein to the contrary notwithstanding.

"(Signature) EGNACIO GLORY."

The insured later died as the result of an accident and $2,000.25 became due on the two policies. Miss Beaumond made claim for the proceeds, which the company refused to

recognize, and accordingly paid the amount to the public administrator as the administrator of the estate of the insured. Thereupon, plaintiff Beaumond brought this action, joining her coplaintiff as an assignee of an interest in the sum.

In an opinion filed herein prior to the order granting petition for rehearing, we said that the company's defense is "that under the facility of payment clause it may pay the money to any person who comes within its provisions, and that having done so, its action is conclusive and bars an action by any other person". In their petition for rehearing, counsel for respondent insisted that we have misunderstood their position. The true position of respondent, they say, is that payment was made, "not by virtue of the facility clause, but by virtue of the direct designation of the insured's administrator as beneficiary, without reservation of any right to change the beneficiary."

Assuming that the foregoing statement of counsel is correct, and that our statement of their position was due to a misunderstanding, the real question becomes, who was the payee of the policy at the time of the insured's death? The administrator was the payee, unless Miss Beaumond had been substituted by virtue of the documents signed by Egnacio Glory, and quoted above. We think that the documents were effective as such substitution. This being so, our previous discussion of the "facility of payment clause" becomes, in large part, superfluous.

While the instruments executed by Glory were ineffectual to change the "beneficiary" under the policies, they are sufficient as assignments thereof. In the case of *Lewis* v. *Reed*, 48 Cal. App. 742 [192 Pac. 335], the insured under policies of the same character as those sued upon in this action, executed and delivered the following: "For value received, I hereby agree and request that in the event of my death that policies No. 31229112, 31229113, 31285557 issued by Metropolitan Life Insurance Company be paid to Paul P. Lewis." In an action by Lewis against the administrator of the insured's estate, who had collected the insurance money, the court held that this instrument was an effective assignment of the policies. In reaching this conclusion the court observed: "Section 2764 of the Civil Code provides that 'a policy of insurance upon life or health may pass by

transfer, will, or succession to any person, whether he has an insurable interest or not, and such person may recover upon it whatever the insured might have recovered.' The section following provides that no notice of transfer is necessary to preserve the validity of a policy upon life or health, unless expressly required thereby. No one of the policies here considered contained any requirement that notice should be given of assignment of it. The question as to whether an insured under a life policy which was made payable in case of death to his estate could legally assign his interest, and especially to one not having an insurable interest in his life, has been the subject of some debate. Irrespective of statutory conditions, however, it has latterly become well settled that such an assignment may be made. . . . It would seem that the statute of this state was designedly adopted to set at rest any question as to the assignability of a life insurance policy and also to affirm the right to make such assignment to a person having no insurable interest in the life of the insured." The policies sued on in this action do not require notice of their assignment, and, on the contrary, it is to be noted that the printed forms supplied by the company to Glory include the following: "This form must not be sent to home office, but should be retained by the holder of the policy and presented with the policy when claim is made."

The judgment is reversed.

Conrey, P. J., and Houser, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 27, 1935.