[Civ. No. 1913.   Fourth Appellate District.—July 10, 1936.]

AETNA LIFE INSURANCE COMPANY (a Corporation), Plaintiff, v. DOROTHY A. HANES, Respondent; LUCILLE R. JACKS, Guardian, etc., et al., Appellants.

Chauncey E. Snow and Edward A. Penprase for Appellants.

Mitchell, Silverberg & Knupp for Respondent.

MARKS, J.—Plaintiff issued a policy of life insurance on the life of John V. Hanes, under date of August 1, 1929. Prior to April 7, 1932, the named beneficiaries were John V. Hanes, Jr., and William G. Hanes, his minor sons. ■ On April 7, 1932, the insured executed in due form and delivered to Allen E. Sawyers, who was the agent of plaintiff, a request for change of beneficiary to Dorothy A. Hanes, his wife, and requested Sawyers to mail this request with the policy to the home office of the insurance company in Hart-

ford, Connecticut, which he did on April 9, 1932. The insured died on April 11, 1932. The policy and request for change of beneficiary was received by the insurer between April 11 and 16, 1932. The insurer executed the consent to the change of beneficiary on April 16th, without knowledge of the death of the insured. The policy of insurance contained no restriction on the right of the insured to change the beneficiary but contained a provision that such change ''shall take effect on receipt at the home office of the company, before the sum insured or any instalment thereof becomes due, of a written request accompanied by the policy for endorsement.''

Both the widow and the minor children made claim on plaintiff for the insurance. It interplead those parties and paid the money into court. The trial judge found the change of beneficiary effective and gave judgment for the widow. The children have appealed from this judgment.

The conclusion of the trial court, under the facts here presented, that the change of beneficiary was accomplished and that the widow was entitled to the insurance is now the established law in California. (*Pimentel* v. *Conselho Supremo de Uniao Portugueza do Estado da California*, 6 Cal. (2d) 182 [57 Pac. (2d) 131]; *Supreme Lodge* v. *Price*, 27 Cal. App. 607 [150 Pac. 803]; *Garrett* v. *Garrett*, 31 Cal. App. 173 [159 Pac. 1050]; *Johnston* v. *Kearns*, 107 Cal. App. 557 [290 Pac. 640].) The reasons for the rule upon which this conclusion rests are clearly set forth in the cited cases and do not need repetition here.

Judgment affirmed.

Barnard, P. J., concurred.

Jennings, J., being absent, did not participate herein.