[Civ. No. 13285.   Second Dist., Div. One.   Oct. 24, 1941.]

Estate of ROBERT NEEL BURNETT, Deceased. SYL-
VESTER HOFFMANN, as Executor, etc., Petitioner
and Appellant; MRS. L. M. HAND et al., Appellants.

Sylvester Hoffmann *in pro. per.*, Frank E. Jenney, and
Joseph Lewis for Appellants.

DORAN, J.—The executor of the last will of the decedent
herein appeals from a judgment and decree of the probate
court ordering payment of claims against the estate and em-
bodying certain instructions to the executor.   The appeal is
taken upon a bill of exceptions and is in reality only an
appeal from that portion of the decree which seeks to subject

the proceeds of certain insurance policies to the payment of creditors' claims.

The deceased was insured under three policies of life insurance, his estate being named beneficiary thereof. Just before he died, Mr. Burnett, the decedent, wrote to the head office of each of the life insurance companies concerned asking that they change the beneficiary in each policy from his estate to Mrs. C. G. Macaulay and Mrs. L. M. Hand, in equal shares; but Mr. Burnett died after the letters were mailed and before they were received by the insurance companies, and the insurance companies refused to make payment to either Mrs. Macaulay or Mrs. Hand, as beneficiaries, on the ground that the requested change of beneficiary had reached the companies after the death of the insured. Mrs. Macaulay was decedent's sister. Mrs. Hand was not related to decedent but was a former, divorced wife. In his will Mr. Burnett bequeathed one-half of his insurance to Mrs. Macaulay and one-half to Mrs. Hand. The proceeds of the policies were paid by the insurers to the executor, who set these funds aside through deposit in a special bank account for the purpose.

By the decree here appealed from, the court ordered the executor to pay all claims against the estate out of all moneys in his hands belonging to the estate, irrespective of the source thereof; and the executor was specifically instructed that none of the moneys belonging to the said estate in his possession were exempt from the claims of the creditors, and that the creditors were entitled to receive payment out of the said moneys, whether received by the executor as proceeds of any life insurance policy or policies upon the life of the deceased, or otherwise.

It is the contention of appellant that the proceeds of the life insurance policies in question are exempt from the claims of creditors of the estate, and that the court erred in so far as its decree purported to subject such proceeds to the payment of claims and to instruct the executor accordingly.

Appellant takes the position that proceeds of life insurance payable to the estate of the insured, in the hands of the executor, are exempt from the claims of creditors. Such a position is not fully supported by the authorities in this state. (See *Estate of Pillsbury,* 175 Cal. 454 [166 Pac. 11, 3 A. L. R.

1396] ; *Estate of Starr*, 183 Cal. 121 [190 Pac. 625].)
However, the pivotal question in the case at bar is whether
the efforts of the insured prior to his death were effective to
change the beneficiaries under the policies so as to make the
proceeds of the life insurance policies payable to the bene-
ficiaries attempted to be substituted. If so, then the insur-
ance proceeds would be the property of the substituted bene-
ficiaries and not that of the estate; and such proceeds would
consequently be exempt from the debts of the insured. (*Pru-
dential Ins. Co.* v. *Beck*, 39 Cal. App. (2d) 355, 360 [103 Pac.
(2d) 241].) The annual premiums for the insurance in ques-·
tion did not exceed $500.

It should be noted that the insurance companies are not
parties to any controversy here, will not be affected by the
outcome, and are in much the same position they would be
in had they filed an interpleader and paid the proceeds of
the insurance into court. Under the circumstances here pre-
sented and upon the facts, about which there is no dispute, the
law is well settled; and Mr. Burnett's efforts made prior to
his death were effective to change the beneficiaries under the
policies in question. (*Johnston* v. *Kearns*, 107 Cal. App. 557
[290 Pac. 640] ; *Aetna Life Ins. Co.* v. *Wood*, 2 Cal. App.
(2d) 579 [38 Pac. (2d) 853] ; *Filcher* v. *Cox*, 4 Cal. App.
(2d) 486 [40 Pac. (2d) 864] ; *Beaumond* v. *Prudential Ins.
Co.*, 5 Cal. App. (2d) 632 [43 Pac. (2d) 820] ; *Aetna Life Ins.
Co.* v. *Hanes*, 15 Cal. App. (2d) 348 [59 Pac. (2d) 462] ; *Shaw*
v. *Johnson*, 15 Cal. App. (2d) 599 [59 Pac. (2d) 876].) A full
discussion of the rule and the reasons therefor may be found
in *Johnston* v. *Kearns, supra*.

There is nothing in the record to indicate that the probate
court did not view the proceeds in question as the property
of the estate. In any event, in so far as the judgment and
decree here appealed from purport to subject such proceeds
to the payment of claims of creditors of the estate, the judg-
ment is in error.

For the foregoing reasons the judgment is reversed with
directions to modify the same in accord with the views herein
expressed.

York, P. J., and White, J., concurred.