ESTATE OF MABEL E. MORTON, DECEASED, THE NORTHERN TRUST CO., EXECUTOR, (THE NORTHERN TRUST CO., TRUSTEE UNDER THE WILL OF MABEL E. MORTON, DECEASED), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15477. Promulgated March 22, 1949.

*Preston Boyden, Esq.*, for the petitioner.
*Charles D. Leist, Esq.*, for the respondent.

OPINION.

Kern, *Judge*: Respondent determined a deficiency of $8,098.73 in estate tax, only part of which is in question.

The sole adjustment contested by petitioner is respondent's inclusion as part of the decedent's gross estate, under section 811 (c), (d) or (f) of the Internal Revenue Code, of the sum of $25,178.68 representing proceeds of policies of insurance on the life of decedent's husband which were payable to decedent, as sole beneficiary under the policies, upon the death of her husband in 1934, but which decedent chose to have held by the insurer, paying interest and so much of the principal amount as she might request to her during her lifetime and the remainder after her death to her children and grandchildren, as more fully outlined in a so-called supplementary contract issued to her by the insurer in 1934. It is petitioner's contention that, by decedent's action in not reducing the principal sum to physical possession and by electing the method of settlement that she did, these proceeds were never part of her estate and therefore not includible for estate tax purposes.

Substantially all of the facts have been stipulated, and the stipulated facts are hereby found accordingly. Summarized, the salient facts are these:

Mabel E. Morton, the decedent, died on March 9, 1944, a resident of Chicago, Illinois. Her will was admitted to probate by the Probate Court of Cook County, and letters testamentary were granted to the Northern Trust Co. on March 24, 1944; and on the same date it was appointed executor thereof. The company was also trustee under the trust created by decedent's will. An estate tax return was filed on June 7, 1945, with the collector for the first district of Illinois.

On the date of the death of decedent's husband, June 16, 1934, decedent, as beneficiary of three policies issued by the Mutual Life Insurance Co. of New York on the life of her husband, became entitled to the amounts due under the policies, aggregating $25,131.56. Decedent, however, did not desire to have this sum turned over to her, but rather wished to exercise one of the modes of settlement provided in the policies which were available to the beneficiary entitled to the lump sums payable thereunder. She sought to exercise the first mode of settlement, which provided, in effect, for the payment of interest on the principal amount during the lifetime of the beneficiary of the policies, and by the payment upon the death of the beneficiary of the principal sum, together with accrued interest for the year then current, unless otherwise directed in the notice of election, to the beneficiary's executors, administrators, or assigns.

On or about July 25, 1934, decedent executed a form of the insurance company for election of a mode of settlement, indicating her

election of the first option, which required the payment of interest to herself, reserved to her the privilege of withdrawing all or any part of the principal proceeds of the policies, and provided that upon her death the balance of the proceeds should become payable to her two daughters, with provision in case of their predecease. The election could be made only "by the person entitled" to the lump sum proceeds of the life insurance policies.

In view of her decision to have the proceeds of the three policies settled in accordance with the first optional mode of settlement, the insurance company, in August 1934, issued to her a supplementary contract, numbered S. N. 8639, which provided: (1) That the interest should be paid to decedent; (2) that the decedent retained the right at any time to withdraw the principal sum, or any part thereof; and (3) if the decedent should die during the continuance of the mode of settlement selected by her and if either or both of her daughters should be living at the time such settlement terminated, the then remaining principal sum should be divided into such number of equal parts as would equal the number of daughters who survived, plus the number of daughters who might have predeceased decedent and have left a child, or children, living at the death of the decedent, and thereupon the shares were to be distributed to those entitled to receive them.

During her lifetime decedent received the monthly interest payments, but she did not withdraw any part of the principal sums. On the date of her death the proceeds, under the supplementary contract, were in the amount of $21,178.68, representing the principal sum of $21,131.56 and interest accrued in the amount of $47.12.

The estate tax return made reference to, but did not include in the gross estate of the decedent, the proceeds available under the supplementary contract.

Respondent has included the total amount thereof in decedent's gross estate, and in the statement attached to the notice of deficiency he recited as his reasons therefor the following:

It is determined that the proceeds of policies of insurance upon the life of the decedent's husband which were payable to the decedent, as sole beneficiary, at his death and which at date of this decedent's death were held by the Mutual Life Insurance Company of New York under a contract dated June 16, 1934, are includible in the decedent's gross estate under section 811 (c) and Section 811 (d) of the Internal Revenue Code as transfers intended to take effect in possession or enjoyment at or after her death and as transfers of property under which the decedent retained for her life, or for a period not ascertainable without reference to her death, or for a period which did not, in fact, end before her death, the possession and enjoyment of, or the right to the income from, the property, and as a transfer where the enjoyment thereof was subject, at the date of her death, to change through the exercise of a power by her to alter, amend, revoke or terminate. It is also determined that the said funds held by the Mutual Life Insurance Company of New York at the date of the decedent's

death under contract dated June 16, 1934, are includible in the decedent's gross estate under Section 811 (f) of the Internal Revenue Code as property with respect to which she, during her lifetime, exercised a power of appointment by disposition intended to take effect in possession or enjoyment at or after her death, or by disposition under which she retained for her life, or for a period not ascertainable without reference to her death, or for a period which did not, in fact, end before her death, the possession or enjoyment of, or the right to the income from, the property.

Petitioner's sole ground of attack upon respondent's action is that the decedent renounced her right to the principal sums due under the life insurance policies by selecting the particular settlement option she did; hence, petitioner argues, under the doctrine of *Brown* v. *Routzahn*, (CCA–6), 63 Fed. (2d) 914; certiorari denied, 290 U. S. 641, the only authority cited, these proceeds are not includible in decedent's gross estate. The fundamental fallacy in petitioner's argument is that the situation here is, in all material respects, unlike that in *Brown* v. *Routzahn*, *supra*. There, a donee unequivocally rejected a testamentary gift before distribution, thereby making the gift subject to a residuary trust under the testator's will. It was found that the donee never owned or had control of the particular property. The court held, under a provision comparable to section 811 (c) of the code, that no estate tax could be imposed at the donee's death on the rejected gift, since the law did not seek to tax the renunciation of testamentary gifts.

Here, the decedent did not, after the death of her husband, renounce her rights and interests as beneficiary under the policies. Cf. *Estate of Sarah A. Bergan*, I. T. C. 543. She did not cause the proceeds to become a part of the residue of her husband's estate. On the contrary, she accepted the rights and interests accorded her, more particularly the right to do as she wished with the proceeds, to which she was unqualifiedly entitled. She thereupon exerted complete dominion, ownership, and control of the proceeds, with only self-imposed limitation or restriction. It was only by her acknowledgment and acceptance of her right to the proceeds under the policies that decedent could avail herself of one of the optional modes of settlement therein provided. Her renunciation of her right to the proceeds would have wiped out her right to exercise one of the settlement options.

Instead of accepting the proceeds in a lump sum, as she rightfully could do, decedent directed a different and, to her, a more satisfactory mode of payment, as outlined in the supplementary contract. By virtue of her exercise of one of the optional modes of settlement, she retained the interest income for her life, the right to the principal amount upon request, and the concomitant power to terminate the

relationship with the insurer at any time. Under the terms of this settlement, there also remained in her a possibility of reverter.

Petitioner stresses the fact that the decedent did not physically receive the proceeds of the policies, but this absence of actual physical possession advances petitioner's position not at all. The decedent did not actually receive the funds, because she ordered, as she could as owner thereof, that they be paid in a different manner to her and to those whom she designated. These funds were as much hers as if she had settled with the insurance company by receiving lump sum payments, and by her action she transferred them to those who upon her death were the recipients. *Estate of William J. Higgs*, 12 T. C. 280; cf. *Chase National Bank* v. *United States*, 278 U. S. 327. The fact that decedent and her daughters did not realize the legal significance tax-wise of this exercise by decedent of one of the optional modes of settlement is immaterial.

Petitioner's contention, as we have already pointed out, is a narrow one. It is to the effect that decedent renounced the insurance proceeds by her exercise of the option of settlement, and, therefore, she had received no property which might have been transferred. Petitioner tacitly recognizes that, if this contention fails (and we have so decided), then there was a transfer of property of a character which would make the property includible in decedent's gross estate under either 811 (c) or (d) of the code. Obviously, it would be so includible. See, *inter alia*, *Estate of Spiegel* v. *Commissioner*, 335 U. S. 701; rehearing, 336 U. S. 915; *Commissioner* v. *Estate of Holmes*, 326 U. S. 430.

*Decision will be entered for the respondent.*