In re ESTATE of Ida Jarvis PYLE.

Robert M. PYLE, Executor, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 13931.

United States Court of Appeals Third Circuit.

Argued Oct. 30, 1962.

Decided Feb. 4, 1963.

Arthur L. Nims, III, Newark, N. J. (McCarter & English, Newark, N. J., on the brief), for petitioner.

Morton K. Rothschild, Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before STALEY, HASTIE and SMITH, Circuit Judges.

HASTIE, Circuit Judge.

The Tax Court has held that the proceeds of an insurance policy on the life of Wallace Pyle are includible in the gross estate of his widow, Ida Pyle, who has since died, as property which she transferred, reserving a life estate, within the meaning of section 2036 of the 1954 Internal Revenue Code. This ruling resulted in a determination of an estate tax deficiency. The executor of Mrs. Pyle's estate has brought the case here for review.

Mrs. Pyle applied for and obtained a $30,000 insurance policy on her husband's life, payable on his death to her. The policy granted Mrs. Pyle all the rights accorded the "insured" under the policy and she was the named beneficiary. Thus, it is clear that when the policy was issued Mrs. Pyle alone enjoyed the various incidents of ownership, including the rights of borrowing, assignment and cash surrender. She also had the right to change the beneficiary and to elect among settlement alternatives.

At Mrs. Pyle's request, during the life of her husband, a rider was attached to the policy providing that, upon the death of the insured husband, the proceeds would be retained by the company which would pay Mrs. Pyle 3% interest thereon, plus dividends, for the remainder of her life. Thereafter, the earnings, and ultimately the proceeds of the policy, were to be paid to her children. Mrs. Pyle reserved the right to revoke and change this revised method of settlement until the death of her husband, but did not do so. Upon the husband's death, the revised scheme of settlement became irrevocable.

Section 2036 of the 1954 Code requires that there shall be included in the gross estate of a decedent the value of "any interest [in property] * * * of which the decedent has at any time made a transfer * * * under which he has retained for his life * * * the right to income from, the property * * *." The Tax Court concluded that, in the circumstances outlined above, Mrs. Pyle's action during the lifetime of her husband in changing the disposition to be made of the proceeds of the life insurance policy upon maturity constituted a transfer of property under which she retained a life estate.

■ Challenging this conclusion, the petitioner argues that it was the death of the insured husband rather than the earlier action of Mrs. Pyle which in legal

contemplation effected the transfer of property. The fact that Mrs. Pyle's election as to the disposition of proceeds at maturity was revocable until her husband died and that interests in such proceeds were contingent or inchoate until her husband's death are thought to support this contention.

We think petitioner's argument is unsound. The only transfer of property with which we are concerned is the transfer of the right to receive proceeds upon maturity. That transfer could be accomplished only through the exercise of ownership rights created by the terms of the policy and vested exclusively in Mrs. Pyle from the date of issuance until her husband's death. The fact that the husband's death was the event which caused the policy to mature and made Mrs. Pyle's election as to changes in the disposition of the proceeds irrevocable did not make him a transferor. For he had no power over the disposition of the proceeds during his lifetime and no interest in them which could pass to another at his death. An instructive analogy is provided by Goodnow v. United States, Ct.Cl., 1962, 302 F.2d 516, where a wife was held not to have been the transferor of the proceeds of a policy on her husband's life because he was the legal owner of the policy, with a vested right to elect among optional dispositions of the proceeds. As concerns the proceeds, the position of the husband there was essentially the position of the wife here.

Petitioner also points out that some of the premiums on the policy were paid by the husband. But certainly this gave him no interest in and no power over the disposition to be made of the proceeds upon his death. That is the only transfer which is relevant here. There are other cases, notably Estate of Susie C. Haggett, 1950, 14 T.C. 325, acq., 1950–2 Cum.Bull. 2, upon which petitioner relies, in which the original purchase of insurance or an annuity was a transaction constituting a transfer of property which was to become effective in some degree only upon the purchaser's death. The present case is different because it was neither the original purchase of insurance nor the payment of premiums which in fact or in law accomplished the decisive shifting of the right to proceeds. Those transactions are simply irrelevant.

Here again, Goodnow v. United States, supra, is helpful. For in that case the wife paid certain premiums on policies on her husband's life, but the husband was vested with ownership rights in the policies, including control over the disposition of proceeds. In these circumstances, the wife's payment of premiums did not make her a transferor of any property interest in the policies.

It remains only to consider whether Mrs. Pyle's election of an alternative disposition of the proceeds was such a transaction as amounts to a transfer of property with a retained life estate, within the meaning of section 2036. Mrs. Pyle was the beneficiary originally named in the policy and as such was entitled to receive the entire proceeds of the policy on her husband's death. Then, as was her right under the terms of the policy, she caused the dispositive provisions of the policy to be changed so that she would receive only interest on the proceeds during her life, with ownership and enjoyment of this property passing to other designated persons upon her death. If it had been after maturity that Mrs. Pyle gave up her absolute right to the proceeds of the policy and elected instead to receive income for life with remainder to others, the transaction would clearly have been a transfer of property within section 2036. Estate of John Joseph Tuohy, Jr., 1950, 14 T.C. 245; Estate of Mabel E. Morton, 1949, 12 T.C. 380. This case is different only in two respects. Mrs. Pyle acted while enjoyment of her right to the proceeds was still prospective and contingent upon her husband's death. Thereafter, so long as her husband lived, she could have revoked her action. While such circumstances may affect the time when in legal contemplation the transfer is accomplished, they do not make the actor any less a transferor of an interest in property. Cf.

Adele F. Goodman, 1944, 4 T.C. 191, aff'd, 2d Cir., 1946, 156 F.2d 218, 166 A.L.R. 444.

Finally, the petitioner claims that a deduction for administrative expenses of this appeal should be allowed in the computation of its tax liability. Our disposition of this appeal shall be without prejudice to any application petitioner may make to the Tax Court in that connection for a revised entry of decision under Rule 50.

The decision of the Tax Court will be affirmed.