On February 14th, 1925, the complainant applied for and obtained from the defendant a non-cancellable health and accident policy, which, under its provisions, was to continue and remain in force with no right of termination by the defendant while the annual premiums due thereunder were paid. The annual premiums amounted to $97. After the issuance of the policy, the defendant regularly sent to the complainant notices of the premiums due, which notices, from time to time, directed that the premium be forwarded to various agents of the defendant in New York and New Jersey. In accordance with the directions contained in the notice, the complainant forwarded the premium so due to the defendant, and to the place designated in the notice, and receipts for such premiums were received by him from the respective agents of the defendant.
Shortly before February 14th, 1936, the complainant received from the defendant a notice of a premium due on said date, which directed payment to be made at the defendant's home office in Boston, Massachusetts. The complainant forwarded the premium as directed. On February 14th, 1937, a premium became due under the terms of the policy; no notice thereof was given to the complainant by the defendant. On March 15th, 1937, the complainant tendered payment of the premium due on February 14th, 1937. The defendant refused to accept it and advised him that the policy had been canceled because of non-payment of the premium on its due date. The complainant thereupon filed a bill of complaint through which he seeks the reinstatement of the policy and a restraint against its cancellation.
The complainant alleges that the conduct of the defendant in failing to send him a notice of the premium due on February 14th, 1937, was, in effect, artifice and trickery, by *Page 322 
which the defendant sought to be relieved from its contract of insurance. The complainant submitted evidence which indicated that the defendant's conduct towards him was part of a plan concocted by it to rid itself of the contracts of insurance similar to his which it had entered into, and that it was not directed against him alone, but against all residents of the State of New Jersey and the State of New York to whom the defendant had issued the same kind of policy. The complainant stated the defendant's attitude toward him became its fixed policy for the express purpose of securing the lapse of the policies of the type in question.
In Thompson v. Knickerbocker Life Insurance Co.,104 U.S. 52, the insured failed to pay his premium as a result of a serious illness. The policy lapsed and after the death of the insured, tender was made but refused. Suit was instituted and decedent's representative charged that the insurance company failed to notify the insured as to the due date of the premium payment, and alleged that on previous occasions the company sent notices, and thereby created a custom and usage which the insured relied upon. The court held:
"There is no excuse for non-payment. The assured knew, or was bound to know, when his premiums became due — the reason why the insurance company gives notice to its members of the time of payment of premiums is to aid their memory and to stimulate them to prompt payment. The company is under no obligation to give such notice, and assumes no responsibility by giving it. The duty of the assured to pay at the day is the same, whether notices be given out or not. Banks often give notice to their customers of the approaching maturity of their promissory notes — but they are not obliged to give such notice, and their neglect to do so would furnish no excuse for non-payment at the day."
The case of Mutual Fire Insurance Company of Cecil County v.Miller Lodge, 58 Md. 463, holds similar to Thompson v.Knickerbocker Life Insurance Co., supra. The court there said (at page 472):
"But a habit or usage of the company to give notice to the insured of the amount of the annual interest and the time of payment, has been set up and relied on by the appellee, *Page 323 
as showing the understanding by the company and those connected with it.
And on page 473:
"But in order to make the contention good, it must be shown that there was an obligation on the part of the company to give the notice and that the giving of such notice was a condition precedent to the right of the company to receive the interest on the premium note, according to the contract of insurance — and we think it clear that there is nothing in the habit or usage relied on that could impose such a duty upon the company, with such consequence of failure to perform it, as that contended by the appellee. For if there was failure to give the notice, as contended, for payment at the particular day designated in the charter, the consequence would be, that the company would have to carry the risk for the ensuing year without receipt of interest according to the terms of the contract, or the means of compelling its payment, as provided by the charter and by-laws."
The contract of insurance between the parties hereto does not provide that the defendant give the insured notice of the due date of its premium; nor does it appear that there is a statute in this state which makes provision for such notice. The home state of the defendant (Massachusetts), has no statute which requires that notice of premium due be given. A provision in the contract of insurance between the parties hereto reads as follows: "I agree that this application shall not be binding upon the company until accepted by the Secretary at the Home Office." The home office of the defendant is at Boston, Massachusetts.
In Wood Selick v. American Grocery Co., 96 N.J. Law 218, it was held (at p. 220) that when an order is signed by a vendee in this state, and then transmitted to a foreign corporation in another state for acceptance or rejection, and is there accepted, the contract by such act is consummated in the foreign state. The Wood Selick v. American Grocery Co. Case
decision compels the determination that under the facts in the instant case the contract of insurance between the parties hereto is that of a foreign state. That conclusion resulting, then the law of Massachusetts applies. *Page 324 
It appears that in the unreported case of Curtis W. Pierce v.Massachusetts Accident Co., the superior court of Massachusetts, on April 27th, 1938, decided that "payment of the annual premium was a condition precedent to the renewal of the policy." The opinion in that case was submitted in evidence at the hearing in the instant proceedings. The plaintiff in CurtisW. Pierce v. Massachusetts Accident Co., supra, testified in these proceedings. He had received from this defendant a policy which, in all respects, was similar to the one upon which the complainant sues.
In Prudential Insurance Co. v. Milonas, 118 N.J. Eq. 343,
Vice-Chancellor Fielder held:
"The application provides that it shall be approved and accepted at complainant's home office in Newark, in this state and that the policy shall be accepted by defendant subject to the provisions therein contained. * * * In short nothing to be done by either complainant or defendant under the policy terms is to be done outside this state except that defendant may exercise the privilege of paying premiums due in this state * * *. Neither the application, nor the policy, nor any statute of this state, require that complainant shall give defendant notice of the due date of premiums and the policy expressly provides that if any premiums be not paid when due, the policy shall be void."
The fact that the defendant, in this state, and other states, departed from its adopted custom of giving notice of premiums due, upon policies similar to the complainant's, upon which notice the assured had allegedly relied, in consequence of which premiums were not paid and policies lapsed, standing alone, does not justify a determination of reinstatement of the complainant's policy. The rights of the parties, under the policy, are no greater than its terms explicitly state. The complainant's policy is devoid of any provision requiring the defendant to give notice of premiums due; and it expressly states that it shall be renewable, only after the premiums be paid, on or before the due date. A consideration of all the facts and circumstances leads to the conclusion that the complainant's bill should be dismissed. I shall sign an order to this effect. *Page 325