### PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA v. ROTONDO et al.

#### Civ. A. No. 11678.

United States District Court
D. New Jersey.
March 16, 1951.

198

McCarter, English & Studer, Newark, N. J., for plaintiff.

Stevenson, Willette & McDermitt, East Orange, N. J., Cox & Walburg, and Leo D. Burrell, all of Newark, N. J., for defendants.

MEANEY, District Judge.

This is an action of interpleader submitted to the court upon a stipulation of agreed facts to determine who is entitled to the proceeds of a policy of insurance upon the life of one Louis W. Greenwood.

The policy was executed in California, and at that time the insured was a resident of California. The original named beneficiary was May A. Greenwood, mother of the insured. In 1946, by endorsement, the beneficiary was changed to make the proceeds payable as follows: One-fourth to Dorothy May Groscup (now Dorothy May Groscup Rotondo), one-fourth to Ada May Greenwood, and two-fourths to Genevieve A. Forbes (now Genevieve A. Greenwood), or the survivors. In 1948 the insured wrote plaintiff requesting that the policy be changed so as to make the named beneficiary his wife, Genevieve A. Greenwood. He did not, however, forward the policy for endorsement. Five days later the insured died. The endorsement was not made. A clause in the policy provided as follows: "Subject to the rights of any Assignee, the Insured may from time to time, while this Policy is in force, designate a new Beneficiary by filing a written notice thereof at the Home Office of the Company, accompanied by this Policy for endorsement. Such change shall take effect on the endorsement of the same on this Policy by the Company and not before."

It is further stipulated that it would not be contended by the claimant, Genevieve A. Greenwood, that the policy was in the possession of the other claimants or either of them when the request for change of beneficiary was made.

The substantive law governing this case is that of California since the policy was executed there. Wood & Selick v. American Grocery Co., E. & App.N.J.1921, 96 N.J.L. 218, 114 A. 756; Lloyd v. Massachusetts Accident Co., Ct.Ch.N.J.1939, 125 N.J.Eq. 320, 5 A.2d 312. The conflict of law rules prevailing in the New Jersey courts are to be applied in an action such as this founded upon diversity of citizenship. Klaxon Company v. Stentor Electric Manufacturing Co., Inc., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477.

The parties are in substantial agreement as to the law of California relating to this problem, but of course differ as to its application. The general rule requires the insured to follow the method prescribed in the policy in order to make a valid change of beneficiary. Among the

recognized exceptions[1] to this rule, however, are the two following which the defendant, Genevieve A. Greenwood, contends excuse literal compliance in this case.

First: If it is beyond the power of the insured to comply literally with the regulations, a court of equity will treat the change as having been legally made.

Second: If the insured has pursued the course prescribed by the policy and has done all in his power to change the beneficiary, but before the endorsement is issued dies, a court of equity will decree that to be done which ought to be done and act as though the endorsement had been issued.

▆ Strict compliance in this case is not excused by the first exception stated above because it does not appear that it was beyond the power of the insured to send the policy to the company. Nor does the second stated exception excuse failure in this case strictly to comply with the prescribed method of changing beneficiaries since the insured did not forward the policy for endorsement. There has been no showing that the insured lacked control over the policy at the time he requested a change. This being so, the court is of the opinion that he did not do everything within his power to effect his purpose.

An order may be presented awarding the proceeds to the beneficiaries whose names are contained in the endorsement on the policy.

---

1. Cook v. Cook, Sup.Ct.Cal.1941, 17 Cal.2d 639, 111 P.2d 322; Pimentel v. Consel- ho Supremo, 1936, 6 Cal.2d 182, 57 P.2d 131.