Alleen S. **MILDREN,** and Donald Lee Mildren, Appellants,

v.

Jessie **MILDREN,** Appellee.

No. 15029.

United States Court of Appeals Ninth Circuit.

Dec. 17, 1956.

# 516

Taylor F. Peterson, San Bernardino, Cal., for appellants.

Robert McWilliams, Altadena, Cal., for appellee.

Before ORR, LEMMON, and CHAMBERS, Circuit Judges.

ORR, Circuit Judge.

Paul Mildren, now deceased, purchased from the Mutual Life Insurance Company of New York five life insurance policies which were in force and effect at the time of his death.

A controversy arose as to whom the proceeds of the insurance policies should be paid. The insurance company, as a protective measure, brought an interpleader and declaratory relief action in which Alleen S. Mildren (Paul's former wife), Donald L. Mildren and Paul Mildren, Jr. (children of Paul and Alleen), and Jessie Mildren (mother of Paul) were made defendants. The insurance company deposited with the registry of the Court the entire proceeds of the insurance policies. Cross-complaints were filed by the several defendants, each claiming an interest in the proceeds. The District Court found in favor of Jessie Mildren, mother of the deceased, and ordered the balance of the money in the registry of the Court paid to her.

On January 28, 1948, Paul had transferred to his wife, Alleen, as her separate property their home and all of the personal property in it. Shortly thereafter Paul delivered custody of the life insurance policies to Alleen.

On April 8, 1953, the Superior Court in and for San Bernardino County, California, entered an interlocutory decree of divorce between Paul and Alleen. Said decree was made final on April 12, 1954. The Superior Court found that the insurance policies were community property and awarded "life insurance policies" to Paul. Custody of the policies was retained by Alleen, although Paul brought two contempt actions to acquire their possession, pursuant to the decree of the state court. On or about June 17, 1953, Paul wrote to the insurance company and requested a change of beneficiary in favor of Jessie. He was unable to deliver the policies in order to have the change endorsed thereon. Under the circumstancs, the change became effective without delivery of the policies. See Pacific Mutual Life Insurance Co. of Cal. v. Rotondo, D.C.D.N.J.1951, 96 F.Supp. 197, affirmed per curiam at 2 Cir., 191 F.2d 624 (applying California law).

Appellants contend that a certain property transfer made in 1948 included the life insurance policies in suit, and the policies thereby became the separate property of Alleen; hence it was not within the jurisdiction of the state court to make disposition of them in the divorce action. The state court found otherwise, treated the policies as community property, and awarded them to Paul. No appeal was taken from the judgment of the state court. Hence, the finding of the United States District Court which tried the instant action that the interlocutory and final decrees of divorce were valid and effective to constitute the insured the sole owner of the

policies of insurance as his separate property is correct.

█ Appellants claim that the interlocutory and final decrees of divorce were so vague in describing the policies that no effective allocation of them to Paul took place. The intent to decree to Paul the policies was well understood by the parties. That was the construction placed upon the decree by the state court when it ordered Alleen to deliver the policies and its citation to Alleen on contempt charges for failure to deliver. Correspondence between counsel establishes that they so treated the provision of the decrees. The provisions of the decree referred to the insurance policies in dispute in this action; such was the construction of the state court, the parties, and the United States District Court with whose finding we are in agreement.

Judgment affirmed.

Affirmed.