113 N.J. Super. 469 (1971)
274 A.2d 303
TITO CARFAGNINI, PLAINTIFF-APPELLANT,
v.
SERVICE LIFE INSURANCE CO. OF OMAHA, AN INSURANCE COMPANY DOING BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 1, 1971.
Decided March 1, 1971.
*470 Before Judges CONFORD, KOLOVSKY and CARTON.
Mr. Leonard Meyerson argued the cause for appellant (Messrs. Miller, Hochman, Meyerson & Miller, attorneys).
Mr. John H. McNeill argued the cause for respondent (Messrs. Beggans and Stevens, attorneys).
The opinion of the court was delivered by CARTON, J.A.D.
Plaintiff insured brought this action against defendant Service Life Insurance Company of Omaha to recover benefits claimed to be due under a hospitalization insurance policy. Defendant denied liability on the ground that the policy had lapsed for failure to pay the premium before the expiration of the 31-day grace period specified in the policy, which provides:
A grace period of 31 days will be granted for the payment of every renewal premium during which period this policy shall remain in force and if any such renewal premium be unpaid at the office of the Company in Omaha, Nebraska, or to its duly authorized agent on or before the expiration of the grace period, this policy shall thereupon automatically terminate.
Although admitting nonpayment of the last premium due, plaintiff insists that the insurance company remained liable *471 because it failed to afford proper notice of the premium due in accordance with its custom of doing so. The policy contained no express provision requiring the giving of such notice.
The court granted defendant's motion for summary judgment and plaintiff appeals.
Certain facts appear undisputed. Plaintiff insured was issued the policy on October 23, 1951. At that time, according to his application, he resided at 237 Monticello Avenue, Jersey City, New Jersey. The receipt issued by the company for the first premium payment recited the same home address. A company notice for a premium due November 24, 1954 and acknowledged by the insured showed he still resided at that address.
Evidently sometime between 1954 and 1965 the insured moved from 237 Monticello Avenue to 543 Mercer Street in Jersey City. The company received notice in some manner of that change of address since another form issued by it setting forth a table of adjusted premiums effective on April 1, 1961 showed 543 Mercer Street as the insured's address.
The affidavit of the company's vice-president in support of the motion for summary judgment is to the following effect: Since 1959 the company mailed "premium due notices" to each of its policyholders about 20 days before the due date of the coming premium. Company records indicate that since 1959 Carfagnini's address had been 543 Mercer Street, Jersey City. No recordation of any notice of change of that address had been made. A "premium due notice" was mailed to the insured at the Mercer Street address on or about February 6, 1968 and was returned by the postoffice bearing the notation "address unknown." No payment was received from Carfagnini. The company maintained the policy in force until February 25, 1968. In accordance with company practice of sending an additional notice to a policyholder neglecting to pay the next due premium, a "courtesy reminder notice" was mailed to the Mercer Street address on or about March 18, 1968. This notice was returned to the insurance *472 company by the postoffice with the notation "Moved, not forwardable."
In his affidavit in opposition to the motion, Carfagnini stated that when he changed his address from 237 Monticello Avenue to 543 Mercer Street, Jersey City, he did not fill out a change of address form nor did he include any notation "with respect to any change of address." His recollection was that he simply wrote his then new address on "the envelope" and enclosed a check or money order bearing that same address. He stated that he tendered payment of premiums only upon receipt of a notice of premium due. Listing his address as 15 Orchard Street, Jersey City, on the money order and as the return address on the envelope, he paid the premium due for the coming year on February 20, 1967. He received no notice of premium due or notice that the policy had been cancelled or had lapsed until after he had been hospitalized and had incurred the medical expense.
Attached to Carfagnini's affidavit was a photostatic copy of a check drawn upon the Metropolitan Federal Savings and Loan Association, dated February 20, 1967, in the amount of $52.05  the amount of the premium  payable to Service Life Insurance Company of Omaha. The check bore Carfagnini's signature, below which appeared "15 Orchard St., Jersey City" as his address.
We conclude that the summary judgment was improperly granted. Plaintiff-insured's affidavit created issues of fact requiring a plenary trial. His contention that his failure to pay the last premium flowed directly from his failure to receive the regular premium notice on which he had come to rely over the years is a colorable one. If given credence, this reliance constitutes an estoppel against the company's forfeiture of his policy.
The company's contention, advanced for the first time on appeal, that it had no duty to forward premium notices to the insured, ignores the very interest an insurance company seeks to serve. Such an interpretation of its relationship with the insured would create a means by which the insurer could *473 declare a forfeiture when it was in the interest of the company to invoke the express policy provisions, yet permit the insurer to waive such provisions and collect the premiums when it was in its interest to do so. Accordingly, when an insurer establishes a practice of giving notice of premiums due so as to lead the insured to believe that such notice will be given regularly, the insurer cannot declare a forfeiture for nonpayment of premium if such nonpayment is attributable to the insurer's failure to provide the notice. The majority rule is that an insurer's custom of giving regular notices of the time for payment of premiums constitutes a waiver or estoppel on the insurer. See 14 Appleman, Insurance Law & Practice § 8199. We deem that view to be sound. Any expressions to the contrary contained in Lloyd v. Massachusetts Accident Co., 125 N.J. Eq. 320 (Ch. 1939), and Prudential Insurance Co. v. Milonas, 118 N.J. Eq. 343 (Ch. 1935), are not in line with the salutary modern views of the obligations of insurance companies to their assureds and are disapproved. See Bowler v. Fidelity & Casualty Co. of N.Y., 53 N.J. 313, 326 (1969).
The remaining issue posed here is whether the evidence could support the view that the insurance company inadequately fulfilled the duty of affording notice of the premium due on February 25, 1968 so as to preclude the granting of summary judgment in its favor. The allegation contained in the insured's affidavit indicating that the company had recognized his previous change of address upon receipt of the money order or check bearing his name and address and the envelope bearing his return address without any formal change of address notification, coupled with proof that the February 20, 1967 payment was made in similar fashion showing a further change of address, gives rise to a question of fact as to whether the company was negligent in failing to note plaintiff's latest address.
Also relevant to the issue of negligence was the return of the letters containing the last premium notices to the company by the postal authorities, one with the notation on the *474 envelope "address unknown" and the other with the words "Moved, not forwardable." The question arises as to whether the company was negligent in checking its records or in failing to make further investigation to ascertain if its files disclosed any other address for this policyholder.
The judgment is reversed and the matter remanded for a plenary trial and adjudication on these issues and any other issues as the parties may properly raise. No costs. We do not retain jurisdiction.